UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO.  2:16-CR-00378-DCN |
| v. | * | |
| MICHAEL SLAGER | * | |
| | * * * | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO DISCLOSE WITNESS HISTORY AND INCENTIVES

On February 10, 2017, the defendant filed a motion to disclose information about potential witnesses in the trial of this case.  ECF No. 60.  The motion describes four categories of information.  Although no authority is cited, the motion is clearly based on the government's obligation to provide favorable impeachment evidence, as established by the Supreme Court in *Giglio v. United States*, 405 U.S. 150 (1972) (describing the government's constitutional duty to disclose material impeachment information).

The government acknowledges and understands its obligation to disclose materially favorable information to the defense pursuant to *Giglio, Brady v. Maryland*, 373 U.S. 83 (1963), and their progeny.  Further, the government recognizes it has a continuing duty to identify and disclose such information.  The government does not agree, however, that all of the information requested by the defense is covered by *Brady* and/or *Giglio*.  Each of the defendant's four categories will be discussed below, and will identify the circumstances in which the government does not believe it is required to make the requested disclosures.

1.  Prior Misconduct or Bad Acts

The defendant requests all information "revealing prior misconduct or bad acts" on the part of any government witness,  ECF No. 60 at 1.  This request is overbroad.

1

Rule 609 of the Federal Rules of Evidence controls the admissibility of a prior bad act that results in a conviction for a criminal offense. Absent a conviction, the admissibility of specific instances of misconduct is governed by Rule 608(b), which allows for cross-examination on bad acts only if "probative of the character for truthfulness or untruthfulness." *See United States v. Parker*, 790 F.3d 550, 559 (4th Cir. 2015) (allegations of fraud in SEC complaint were probative of truthfulness and thus admissible under Rule 608(b)). *See also, e.g., United States v. Heard*, 709 F.3d 413, 433 (5th Cir. 2013) (IRS agent's five-month suspension for viewing pornography while at work was not probative of truthfulness under Rule 608(b) and thus inadmissible at trial); *United States v. Baskerville*, 492 Fed.Appx. 254, 256 (3d Cir. 2012) (unpublished) (affirming district court's ruling that government did not violate *Brady* or *Giglio* by failing to disclose that a "domestic violence restraining order" had been entered against a testifying police officer); *United States v. Jeffers*, 402 Fed.Appx. 601, 603 (2d. Cir. 2010) (unpublished) (affirming exclusion of cross-examination questions regarding a witness's prior domestic violence as "not probative of [the witness's credibility] in a fraud case); *United States v. Lafayette*, 983 F.2d 1102, 1106 (D.C. Cir. 1993) (affirming trial court's decision that undisclosed information regarding law enforcement witnesses did not require a new trial; "[Rule 608(b)] does not require or imply that every negative bit of evidence existing concerning a witness may be dragged into a case no matter how remote or minor the alleged misconduct."); *United States v. Sweeting*, 232 Fed.Appx. 873 (11th Cir. 2007) (unpublished) ("[D]istrict court did not abuse its discretion in determining that knowledge of [government's star witness's] failure to make court appearances in prior cases or to comply with a restitution order in another case would "in no way help[ ] a finder of fact evaluate the truthfulness of the witness," and, therefore, finding those acts not to be admissible under Rule 608(b)(1).").

Accordingly, the government will produce information regarding a witness's misconduct as required under *Giglio* and its progeny.

2. Consideration or Promises of Consideration

In this category, the defense requests materials relating to any consideration provided or promised to witnesses. The request defines "consideration" and provides various examples. Again, the government understands that it must disclose consideration or promises of consideration to witnesses in circumstances where it might influence the witness to provide favorable testimony to the prosecution. However, not all of the specific consideration identified by the defendant is discoverable. For example, reimbursement of expenses incurred as a result complying with legal process or other expenses incurred as a result of complying with government requests do not constitute *Giglio* material. *See United States v. Schneider*, 801 F.3d 186, 203 (3rd Cir. 2015) (rejecting claim that payment of statutory witness fees amounted to *Brady* material); *United States v. McMahan*, 495 F.3d 410, 424 (7th Cir. 2007) (evidence that witness and family had been relocated for protection was not beneficial or outcome changing because if impeached with this "benefit," government would likely inquire about why the relocation occurred and elicit that witness feared defendants); *Herrington v. Clarke*, 2017 WL 253848, *9 (E.D. Va. 2017) (rejecting claim that state violated *Brady* by failing to disclose that it had paid the travel expenses of its witnesses).

Each circumstance will be evaluated for the purpose of determining whether disclosure is warranted, but the government opposes disclosure of witness fees and expense reimbursements required by law.

3. "Warnings" of Adverse Consequences in Other Legal Matters

Next, the defendant requests information regarding "warnings" to witnesses of potential criminal proceedings or other types of adverse consequences. To the extent such "warnings" could influence witness testimony, the government agrees that any such communication would be discoverable. However, the defense request also asks the Court to order such disclosures with respect to "witnesses whether the United States intends to call them or not." ECF No. 60 at 2. The government opposes this request, since it need not disclose *Giglio* material on individuals it does not intend to call as witnesses. *See United States v. Calderón*, 829 F.3d 84, 93 (1st Cir. 2016) (rejecting claim that government violated *Giglio* by failing to disclose that a non-testifying DEA agent who had been part of the investigation pled guilty to credit card fraud and extortion); *United States v. Brown*, 598 Fed.Appx. 689, 693 (11th Cir. 2015) (unpublished) (affirming district court decision rejecting claim that government violated *Brady* by failing to disclose that deputy sheriff involved in the case was under investigation, in part because deputy did not testify at trial); *United States v. Rodriguez*, 489 Fed.Appx. 528, 530 (3d Cir. 2012) (unpublished) (no *Brady* violation by not disclosing disciplinary records of officer who did not testify at suppression hearing); *United States v. Morgan*, 690 F.Supp.2d 274, 286 (S.D.N.Y.2010) ("The Government is not required to provide to a defendant *Giglio* or Jencks Act material if a witness does not testify at trial.").

Absent instruction from the Court, the government does not believe it has an obligation to produce *Giglio* material for witnesses it does not intend to call.

4. Prior Testimony of Witnesses

The defense also requests that the government identify prior occasions upon which witnesses have testified before a court or in the grand jury. The requested grand jury transcripts

4

have already been provided, and the defense is well aware of all testimony provided in the state prosecution.

The defendant also wants the government to provide "the number of times a witness has been interviewed." ECF No. 60 at 2-3. The government is unaware of any authority requiring it to provide this count, and accordingly opposes the request. It should be noted that the state and the government have already provided reports of interviews with witnesses, and will continue to do so if new reports are generated.

        Respectfully submitted,

        BETH DRAKE
        UNITED STATES ATTORNEY

By: *s/ Eric Klumb*
        Eric Klumb (#01671)
        Assistant United States Attorney
        151 Meeting Street, Suite 200
        Charleston, South Carolina 29401-2238
        Telephone: 843-266-1678
        Email: eklumb@usa.doj.gov

        *s/ Jared Fishman*
        Jared Fishman
        Special Litigation Counsel
        Civil Rights Division, Criminal Section
        U.S. Department of Justice
        601 D Street, NW, 5th Floor Washington, DC  20530
        Telephone: (202) 598-1877
        Fax: (202) 514-8336
        Jared.Fishman2@usdoj.gov
        Maryland Bar No. 04-1214-0250