```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF SOUTH CAROLINA
 2                     CHARLESTON DIVISION

 3

 4
    United States of America      )
 5                                )
                                  )
 6  versus                        )
                                  )         CRIMINAL NO.:
 7                                )           2:16-378
    Michael Slager,               )
 8                                )
                                  )
 9              Defendant.    )
    --------------------------)
10

11
                              United States Courthouse
12                            Charleston, South Carolina
                              May 2, 2017
13

14
         TRANSCRIPT OF GUILTY PLEA HEARING PROCEEDINGS
15

16
    Before the Honorable David C. Norton, United States
17  District Judge

18
    Appearances:
19                 Eric J. Klumb, Esquire
                   Assistant United States Attorney
20              Charleston, South Carolina 29501

21                 Andrew J. Savage, III, Esquire
                   Charleston, South Carolina 29402
22                 For the Defendant
    ------------------------------------------------------------
23                    RAYMOND D. SIMMONS
                  UNITED STATES DISTRICT COURT
24             SUITE 300 - 401 WEST EVANS STREET
                  FLORENCE, SOUTH CAROLINA 29401
25                       843-610-1896
```

1    APPEARANCES (CONT'D):

2

3                      Shaun C. Kent, Esquire
                      Manning, South Carolina 29102
4                      For the Defendant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          MR. KLUMB:  May it please the Court.

2          The government calls the case of United

3   States of America versus Michael Slager, Criminal Case

4   Number 2:16-378.

5          The defendant is present and represented by

6   counsel, Andy Savage and Shaun Kent.  The government is

7   represented by Eric Klumb.  And we are here for a change

8   of plea hearing.

9          THE COURT:  Are you all ready to go forward,

10  Mr. Savage?

11         MR. SAVAGE:  Yes, we are, Your Honor.

12         THE COURT:  Have him come up and be sworn.

13         (Defendant placed under oath.)

14         THE COURT:  Mr. Slager, it is my

15  understanding that you wish to change your previously

16  entered plea of not guilty to a plea of guilty.

17         Is that correct, sir?

18         DEFENDANT SLAGER:  Yes, sir.

19         THE COURT:  Now, before I can accept your

20  plea, there are a number of questions I am going to ask

21  you to make sure that it is a valid plea.  If you do not

22  understand my questions and you need to talk to your

23  lawyer at any time, you let me know.  Okay?

24         DEFENDANT SLAGER:  Yes, sir.

25         THE COURT:  Now, Mr. Slager, now that you

1    have been sworn, your answers to my questions will be
2    subject to the penalty of perjury now that you are under
3    oath.
4                    Do you understand that, sir?
5                    DEFENDANT SLAGER:  Yes, sir, I do.
6                    THE COURT:  Mr. Slager, how old are you, sir?
7                    DEFENDANT SLAGER:  Thirty-five.
8                    THE COURT:  How far did you go to school?
9                    DEFENDANT SLAGER:  College degree.
10                   THE COURT:  Have you taken any drugs or any
11   medications or consumed any alcoholic beverages in the
12   last 24 hours?
13                   DEFENDANT SLAGER:  No, I have not.
14                   THE COURT:  Have you ever been treated for
15   mental illness or drug addiction?
16                   DEFENDANT SLAGER:  No.
17                   THE COURT:  Do you understand what is
18   happening here this afternoon?
19                   DEFENDANT SLAGER:  I do.
20                   THE COURT:  Can you tell me in your own words
21   why you are here this afternoon.
22                   DEFENDANT SLAGER:  To change my plea to
23   guilty.
24                   THE COURT:  Mr. Savage, do you or Mr. Kent
25   have any doubt that Mr. Slager is competent to enter a

1   plea here this afternoon?

2               MR. SAVAGE:  Not at all, Your Honor.

3               THE COURT:  It appears to me that you are

4   competent to plead to these charges, and I so find for

5   purposes of the record.

6               Now, have you had plenty of time to discuss

7   your case with your lawyers?

8               DEFENDANT SLAGER:  I have.

9               THE COURT:  Are you satisfied with the job

10  that they have done for you?

11              DEFENDANT SLAGER:  Yes.

12              THE COURT:  Have they done everything that

13  you have asked them to do?

14              DEFENDANT SLAGER:  Yes, sir.

15              THE COURT:  Have they failed to do anything

16  that you have asked them to do?

17              DEFENDANT SLAGER:  No.

18              THE COURT:  Do you understand that under the

19  Constitution and the laws of the United States that you

20  are entitled to a jury trial on these charges if you want

21  one?

22              DEFENDANT SLAGER:  Yes, sir.

23              THE COURT:  Do you also understand that if

24  you want a jury trial that you have the right to the

25  assistance of your lawyer for your defense in the changes

1  contained in this case?

2              DEFENDANT SLAGER:  Yes, sir.

3              THE COURT:  Do you understand that if you

4  want a jury trial that at trial you would be presumed to

5  be innocent and the government would be required to prove

6  you guilty by competent evidence and beyond a reasonable

7  doubt before the jury could find you guilty?

8              DEFENDANT SLAGER:  Yes.

9              THE COURT:  Do you also understand that if

10 you wanted a jury trial that you would not have to prove

11 that you were innocent at your trial?

12             DEFENDANT SLAGER:  Correct.

13             THE COURT:  Do you understand that in the

14 course of your jury trial if you want one that the

15 witnesses for the government would have to come into court

16 and they would have to testify in your presence and your

17 lawyers could cross examine the government's witnesses and

18 object to the government's evidence and offer evidence in

19 your defense?

20             DEFENDANT SLAGER:  Yes.

21             THE COURT:  Do you also understand that if

22 you wanted a jury trial that you would have the right to

23 testify at your trial if you wanted to?

24             DEFENDANT SLAGER:  Yes, sir.

25             THE COURT:  Do you also understand that you

```
1   have the constitutional right not to testify if you do not
2   want to?
3               DEFENDANT SLAGER:  Yes.
4               THE COURT:  Do you also understand that if
5   you chose not to testify at your trial that the jury could
6   not think that you were guilty based on the fact that you
7   had exercised your constitutional right not to testify?
8               DEFENDANT SLAGER:  Yes.
9               THE COURT:  Do you also understand that if
10  you want a jury trial that you would have the right to the
11  issuance of subpoenas to compel the attendance of
12  witnesses to testify in your defense?
13              DEFENDANT SLAGER:  Yes.
14              THE COURT:  Now, if you plead guilty here
15  this afternoon and I accept this plea, do you understand
16  that you will have waived your right to a jury trial and
17  the other rights that I have just discussed with you and
18  there is not going to be a jury trial and that I will
19  sentence you on the basis of this guilty plea after I
20  consider your presentence report?
21              DEFENDANT SLAGER:  Yes.
22              THE COURT:  Do you also understand that if
23  you plead guilty that you will also waive your right not
24  to incriminate yourself because I am going to ask you some
25  questions about what you did in order to satisfy myself
```

1  that you are guilty and that you will have to acknowledge

2  your guilt of these charges?

3                    DEFENDANT SLAGER:  Yes.

4                    THE COURT:  Do you also understand that what

5  you are pleading guilty to is a felony offense and, as

6  such, you could lose some of your valuable civil rights,

7  such as the right to vote, the right to have possession of

8  a firearm or both?

9                    DEFENDANT SLAGER:  Yes.

10                    THE COURT:  There is no restitution in this

11  case, is there?

12                    MR. KLUMB:  No, Your Honor.

13                    THE COURT:  Having discussed your rights with

14  you, do you still wish to plead guilty, Mr. Slager?

15                    DEFENDANT SLAGER:  Yes.

16                    THE COURT:  Now, have you received a copy of

17  the indictment -- that is, the written charges that have

18  been made against you in this case?

19                    DEFENDANT SLAGER:  Yes.

20                    THE COURT:  Have you had plenty of time to go

21  over the indictment plus whatever discovery information

22  that the government has shared with your lawyers?

23                    DEFENDANT SLAGER:  Yes.

24                    THE COURT:  Now, your plea agreement says

25  that you are pleading guilty to Count 1 of the indictment,

which charges violation of Title 18, United States Code,
Section 242, which is deprivation of rights under color of
law.

Do you understand that if you went to trial
on this charge that the government would have to prove the
following elements beyond a reasonable doubt before a jury
could find you guilty:  number one, that in North
Charleston, South Carolina, the defendant deprived Walter
Lamar Scott of the right to be free from unreasonable and
excessive use of force by a law enforcement officer, a
right secured by the Fourth Amendment of the United States
Constitution; number two, that you acted under color of
law; number three, that you acted willfully; and, finally,
number four, bodily injury or death resulted with the
involvement of a dangerous weapon?

Do you understand the charge against you,
sir?

DEFENDANT SLAGER:  Yes, I do.

THE COURT:  Do you understand that the
government would have to prove each element beyond a
reasonable doubt before the jury could find you guilty of
this charge?

DEFENDANT SLAGER:  Yes.

THE COURT:  The Court finds that Mr. Slager
fully comprehends and understands the nature of the charge

1  against him and generally what elements the government

2  would have to prove at trial.

3           Do you understand that the maximum possible

4  penalty is life in jail, a $250,000 fine, five years

5  supervised release and a special assessment of $100?

6           DEFENDANT SLAGER:  Yes, sir.

7           THE COURT:  Now, have you and your lawyers

8  talked about the sentencing guidelines?

9           DEFENDANT SLAGER:  Yes, we have.

10          THE COURT:  Have you talked about how the

11  sentencing guidelines might be applied in your case?

12          DEFENDANT SLAGER:  Yes.

13          THE COURT:  Do you understand that nobody is

14  going to be able to determine the guidelines in your case

15  until after your presentence report has been completed and

16  you and the government have had an opportunity to

17  challenge the facts reported by the probation officer?

18          DEFENDANT SLAGER:  Yes, sir.

19          THE COURT:  Do you also understand that after

20  your initial guideline range has been determined that the

21  Court has the authority under some circumstances to depart

22  from those guidelines and vary from those guidelines and

23  sentence you above or below those guidelines?

24          DEFENDANT SLAGER:  Yes.

25          THE COURT:  Do you also understand that at

1  sentencing the Court will examine the sentencing factors

2  under Title 18, United States Code, Section 3553 (a) and

3  that could result in the imposition of a sentence greater

4  or less than the guideline sentence?

5              DEFENDANT SLAGER:  Yes.

6              THE COURT:  Do you understand you or the

7  government may have the right appeal any sentence you

8  might get?

9              DEFENDANT SLAGER:  Yes.

10             THE COURT:  Do you also understand that in

11  the federal system that parole has been abolished and you

12  will not be released on parole?

13             DEFENDANT SLAGER:  Yes, sir.

14             THE COURT:  Do you also understand that if

15  the sentence is more severe than you expected it to be

16  that you will still be bound by your guilty plea and you

17  will have no right to withdraw it?

18             DEFENDANT SLAGER:  Yes.

19             THE COURT:  Now, also, do you understand if

20  you plead guilty and I accept your plea that the law

21  requires you to serve a term of supervised release?

22             DEFENDANT SLAGER:  Yes, sir.

23             THE COURT:  And while you are on supervised

24  release, do you understand that you will be restricted to

25  the places you go and the things you do and you have to

1    report to authorities on a regular basis?

2                    DEFENDANT SLAGER:  Yes, sir.

3                    THE COURT:  And you will have to serve a term

4    of supervised release of five years.

5                    Do you understand that?

6                    DEFENDANT SLAGER:  I do.

7                    THE COURT:  Do you also understand that if

8    you are on supervised release and you violate a condition

9    of your supervised release that you can be brought back to

10   the court and if it is proved by the preponderance of the

11   evidence that you did violate a condition of supervised

12   release that you can be sent back to jail to serve the

13   entire term of supervised release?

14                   DEFENDANT SLAGER:  Yes, sir.

15                   THE COURT:  Has anyone threatened you or has

16   anyone forced you in any way to plead guilty?

17                   DEFENDANT SLAGER:  No.

18                   THE COURT:  How about summarizing the plea

19   agreement for me, Mr. Klumb.

20                   MR. KLUMB:  Your Honor, if it please the

21   Court, I will read more and paraphrase less.

22                   THE COURT:  Okay.

23                   MR. KLUMB:  In Paragraph 1 of the plea

24   agreement, the defendant acknowledges that he's pleading

25   guilty to a crime of violence.  And he also agrees that he

 1  will be detained upon the entry of the plea.  He admits to

 2  having willfully committed the offense of which he is

 3  pleading guilty.

 4          In Paragraph 4, we have the agreed upon

 5  factual basis for the offense, which I will address

 6  later.  The defendant understands and agrees that the

 7  facts satisfy all of the elements of the offense

 8  previously recited by the Court and that the statement of

 9  facts are accurate.  The parties reserve the right to

10  bring additional facts to the attention of the Court for

11  purposes of sentencing, both in aggravation or mitigation

12  of the sentence.

13          Paragraph 5 covers the application of the

14  sentencing guidelines already covered by the Court.  The

15  defendant also agrees to waive any constitutional

16  challenges to the validity of the guidelines.  The

17  defendant acknowledges that the burden of proof at the

18  sentencing stage in the application of the sentencing

19  guidelines is by preponderance of the evidence.  The

20  rules of evidence don't apply; the Court my consider any

21  reliable evidence, including hearsay.  Nothing in this

22  section prevents the parties from filing objections to the

23  presentence report prepared by the United States Probation

24  Office or from arguing the application of specific

25  sections of the guidelines.  As the Court has already

 1   instructed, the parties understand that the Court will

 2   determine the final penalty at sentencing.  The parties

 3   agree and understand that the plea agreement binds only

 4   the parties and do not bind the Court.

 5            And, finally, the defendant understands that

 6   the government will advocate for the Court to apply the

 7   guidelines for second degree murder and obstruction of

 8   justice and reserves the right to seek a guideline

 9   sentence up to and including the sentence of life

10   imprisonment.  The defendant reserves the right to

11   advocate for any sentence he deems appropriate and the

12   right to request a downward departure or a downward

13   variance.

14            Paragraphs 6 and 7 cover the promises made by

15   the United States and the state of South Carolina, parties

16   to this plea agreement.  In return for the defendant's

17   plea of guilty, the United States agrees to dismiss the

18   remaining counts at sentencing, not to file any additional

19   charges arising out of the facts forming the basis of the

20   crimes charged in the indictment and to recommend a three-

21   level reduction for acceptance of responsibility with the

22   exception that, if the defendant engages in conduct

23   inconsistent with accepting responsibility, then the

24   government is not bound by that promise.  The state of

25   South Carolina agrees to dismiss within five days of

```
 1   acceptance of this guilty plea the charge pending in State
 2   versus Slager subject to reindictment for any reason
 3   caused by the defendant if the agreement is not
 4   fulfilled.  The State also agrees not to file any
 5   additional charges against the defendant arising out of
 6   the facts forming the basis of the crime charged in the
 7   indictment.  The defendant also agrees that the solicitor
 8   may address the Court at sentencing on behalf of the state
 9   of South Carolina.
10            In Paragraph 8, the defendant acknowledges
11   that all of the government and the State's promises in
12   this agreement are expressly contingent upon him both
13   abiding by federal and state laws and complying with any
14   of the terms and provisions of this agreement.  In the
15   event that he violates either, the state of South Carolina
16   and the United States will have the right at their
17   election to void any of the their obligations under this
18   agreement but the defendant will not have the right to
19   withdraw his plea of guilty to the offense set forth in
20   Count 1.
21            In Paragraph 9, the parties acknowledge that
22   the sentence to be imposed will be determined solely by
23   the United States district judge and that the United
24   States cannot make and has not made any promises or
25   representations as to what sentence the defendant will
```

1  receive.  Any discussions that the parties might have had

2  about possible sentences are not binding in any way on the

3  Court and do not constitute representations about what the

4  parties will seek or what the actual sentence will be.

5              In Paragraph 10, it has already been covered

6  by the Court in discussions with the defendant.  And that

7  is that he has met with his attorneys on a sufficient

8  number of occasions and for a sufficient period of time to

9  discuss his case and receive advice.  The defendant

10 acknowledges that he has been truthful with his attorneys

11 and has related all information of which he is aware

12 pertaining to the case.  The defendant and counsel have

13 discussed any possible defenses, including the existence

14 of any exculpatory or favorable evidence or witnesses.

15             The contents of Paragraph 10 covers the

16 waiver of rights that the Court has already addressed with

17 the defendant.

18             In Paragraph 11, the defendant waives his

19 right to assert postconviction challenges by way of appeal

20 under Section 2255 with the following exceptions:  an

21 appeal under sentence for claim of ineffective assistance

22 of counsel, a claim of prosecutorial misconduct or future

23 changes in the law that affects the defendant's sentence.

24             Paragraph 12 is the Hyde Amendment waiver.

25             Paragraph 13 includes waiver of rights under

1    Rule 410 of the Federal Rules of Evidence; specifically,

2    for whatever the reason, if the defendant violates the

3    plea agreement or withdraws his offer to plead guilty, any

4    statements he has made in conjunction with the filing of

5    this plea agreement, including the statements contained in

6    the factual basis of Paragraph 4, may be used against him

7    in any further criminal proceedings.  By signing this

8    agreement, the defendant acknowledges that the statements

9    listed above will be admissible against him for any and

10   all purposes, if for any reason he fails to plead guilty,

11   the plea of guilty is voided or he withdraws his guilty

12   plea.

13               Paragraph 14 includes a waiver on the part of

14   the defendant submitting any requests for information

15   under the Freedom of Information Act.  He also waives any

16   rights under the Privacy Act to get or obtain records and

17   materials pertaining to the case.

18               In Paragraph 15, the United States promises

19   not to use information provided by the defendant about his

20   own criminal conduct except as authorized by Guideline

21   Section 1B1.8.  The information may be revealed to the

22   Court, however, but may not be used against the defendant

23   to determine either his capital guideline range or to

24   depart from the guideline range.  The exceptions to that

25   type of use of that type of information are as follows:

1    that would be information previously known to the United

2    States, revealed to the United States by our discovery

3    through an independent source, a prosecution for perjury

4    or giving a false statement in the event the defendant

5    breaches this agreement.

6              Paragraph 16 covers monetary obligations,

7    including restitution, fines, assessments and

8    forfeitures.

9              In Paragraph 17, the defendant acknowledges,

10   as he already has, that if the Court accepts the plea

11   agreement and imposes a sentence with which he does not

12   agree that he will not be permitted to withdraw his plea.

13             Paragraph 18 covers the payment of a $100

14   mandatory special assessment, due and payable at the time

15   of sentencing.

16             In Paragraph 19, the defendant acknowledges

17   that the United States provide to this Court and the

18   probation office all information it deems relevant to

19   determine the appropriate sentence in this case.  This

20   includes information regarding his background, character,

21   conduct, including the entirety of his criminal activity.

22   The defendant understands that these disclosures are not

23   limited to the counts of his indictment to which he is

24   pleading guilty.  Further, the United States may respond

25   to comments he or his attorneys make or the position he or

his attorneys take.  The United States reserves the right

the make any recommendation it deems appropriate regarding

the disposition of this case subject only to the

limitations in the plea agreement.  Similarly, the

defendant also has the right to provide information

concerning the offense and to make recommendations to the

Court and the United States Probation Office as he deems

appropriate.

In Paragraph 20, the defendant understands

that this plea agreement binds only him, the United States

Attorney's office for the District of South Carolina, the

Civil Rights Division of the U. S. Department of Justice

and the state of South Carolina.  It does not bind any

other federal, state or local prosecution authority.

Paragraph 21, merger clause, the defendant

again acknowledges that he has had sufficient time to

discuss his case, the evidence and the plea agreement with

his attorneys, that he is fully satisfied with their

advice and representation.  He acknowledges that he has

read the plea agreement, understands it and agrees that it

is true and accurate and not as a result of any threats,

duress or coercion.  The defendant further understands

that this plea agreement supersedes any and all other

agreements or negotiations between the parties.  This plea

agreement defines each and every term of the agreement to

1  the parties.  The defendant acknowledges that he is

2  entering into this plea agreement after pleading guilty

3  because he is guilty.  He further acknowledges that he is

4  entering a guilty plea freely, voluntarily and knowingly.

5              THE COURT:  Mr. Slager, are those the terms

6  of your plea agreement and do you understand those?

7              DEFENDANT SLAGER:  Yes, sir.

8              THE COURT:  Is this your signature on the

9  eleventh page of the plea agreement?

10             DEFENDANT SLAGER:  Yes, sir.

11             THE COURT:  And these are your initials on

12 the bottom of each page of the plea agreement?

13             DEFENDANT SLAGER:  Yes, sir.

14             THE COURT:  Before you signed the plea

15 agreement, you had a chance to go over each page with your

16 lawyer?

17             DEFENDANT SLAGER:  I did.

18             THE COURT:  And before you signed it, did you

19 understand what you agreed to do and what the government

20 has agreed to do?

21             DEFENDANT SLAGER:  Yes.

22             THE COURT:  Going back to Paragraph 11 on

23 Page 6, the waiver of appeal and collateral attack, do you

24 understand that under the law that you have the right,

25 generally have the right, to appeal from the sentence that

```
 1    you might get and before you serve your sentence you have
 2    a right to collateral attack the sentence under habeas
 3    corpus and under Title 18, United States Code, Section
 4    2255?
 5                    DEFENDANT SLAGER:  Yes, sir.
 6                    THE COURT:  Do you understand that by signing
 7    this plea agreement that you will not be allowed to appeal
 8    your sentence nor will you be allowed to attack the
 9    sentence under Section 2255 with certain exceptions?
10                    DEFENDANT SLAGER:  Yes, sir.
11                    THE COURT:  The exceptions are that you can
12    for ineffective assistance by your lawyer, prosecutorial
13    misconduct by the government or changes in the law which
14    would affect your sentence?
15                    DEFENDANT SLAGER:  Yes.
16                    MR. KLUMB:  This appeal waiver, Your Honor,
17    covers only his right to appeal the conviction.  It does
18    permit him to appeal the sentence.
19                    THE COURT:  Other than that.
20                    You understand that you can appeal the
21    sentence but you cannot appeal the conviction; is that
22    right?
23                    DEFENDANT SLAGER:  Yes.
24                    THE COURT:  Is that your understanding when
25    you talked to your lawyers about how important these
```

1  rights are that you are giving up?

2              DEFENDANT SLAGER:  Yes.

3              THE COURT:  Has anyone made you any promises

4  other than what is in the plea agreement to induce you to

5  plead guilty?

6              DEFENDANT SLAGER:  No, Your Honor.

7              THE COURT:  Has anyone made any prediction or

8  promise to you as to what your sentence is going to be?

9              DEFENDANT SLAGER:  No.

10              THE COURT:  I see that you have initiated and

11  signed Paragraph 4, which is the factual basis for the

12  guilty plea.

13              Mr. Klumb, I do not know if you want to put

14  that in the record.

15              Do you agree that this is correct and true,

16  Paragraph 4?

17              DEFENDANT SLAGER:  Yes, sir, I do.

18              THE COURT:  Do you want to put it in the

19  record, Mr. Klumb?

20              MR. KLUMB:  Yes, Your Honor.  Thank you.

21              On April 4, 2015, Michael Slager was a

22  commissioned police officer with the North Charleston

23  Police Department.  Slager was on duty as a police officer

24  when he stopped Walter Scott's vehicle after observing

25  that the center brake light was not working.

1          During the stop, Scott fled the scene on

2    foot.  Slager engaged in a foot chase of Scott for

3    approximately 200 yards.  During the chase, Slager

4    deployed the probes of his Taser.  His first attempt to

5    use his Taser was unsuccessful in stopping Scott.  Slager

6    ultimately caught up to Scott and deployed his Taser

7    probes a second time.

8          After the second Taser deployed, Scott fell

9    to the ground.  Scott managed to get off the ground and

10   again run away from Slager.  The defendant's Taser dropped

11   to the ground behind the defendant.

12         As Scott was running away, Slager fired eight

13   shots at him from his department issued firearm.  During

14   the time that each of the eight shots were fired, Scott

15   was unarmed and running away from Slager.  Five shots hit

16   Scott, all entering from behind.  Scott suffered bodily

17   injury and died on the scene as a result of the injuries

18   from the gunshots.

19         The defendant used deadly force even though

20   it was objectively unreasonable under the circumstances.

21   The defendant acknowledges that his actions were done

22   unreasonable under the circumstances.  The defendant

23   acknowledges that his actions were done willfully; that

24   is, he acted voluntarily and intentionally and with

25   specific intent to do something that the law forbids.

```
 1                    THE COURT:  Do you agree with that,
 2   Mr. Slager?
 3                    DEFENDANT SLAGER:  I do, sir.
 4                    THE COURT:  It is the finding of the Court in
 5   the case of United States of America versus Michael Slager
 6   that Mr. Slager is fully competent and capable of entering
 7   an informed plea, that his plea of guilty is a knowing and
 8   voluntary plea supported by an independent basis in fact
 9   containing each of the essential elements of the offense.
10   His plea is therefor accepted, and he is now adjudged
11   guilty of that offense.
12                    You may go ahead and sign the plea,
13   Mr. Slager.
14                    CLERK:  May it please the Court.
15                    The defendant, Michael Slager, having
16   withdrawn his plea of not guilty entered May 11, 2016
17   pleads guilty to Count 1 of the indictment after
18   arraignment in open court.  Signed by the defendant,
19   Michael Slager, in Charleston, South Carolina, May 2,
20   2017.
21                    THE COURT:  Is there anything else?
22                    Thank you all very much.
23                        (Hearing concluded.)
24        * * * * * * * * * * * * * * * * * * * * * * * * *
25
```

CERTIFICATE OF REPORTER

         I certify that the foregoing is a correct
transcript from my stenographic notes in the
above-entitled matter.


/S/ Raymond D. Simmons                    March 2, 2018
_____          _____
Raymond D. Simmons, CR
Official Court Reporter
United States District Court
District of South Carolina