UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL SLAGER | CASE NO.<br>2:16 - CR - 378<br><br>**<u>MOTION FOR RECUSAL</u>** |
|---|---|

COMES NOW, the Defendant, by and through his undersigned attorney, hereby moves the court pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455, requesting that Judge David Norton recuse himself from the present case. In support, the Defendant respectfully shows as follows.

28 U.S.C. § 455(b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, *or personal knowledge of disputed evidentiary facts* concerning the proceeding." (emphasis added). Slager's 28 U.S.C. § 2255 motion and memorandum allege as follows:

> **C. Meeting with Presiding Judge**
> At some point prior during the pendency of Slager's federal case, members of the defense team met with the presiding judge in chambers to discuss matters relating to their C.J.A. appointment. (A. Savage Decl., ¶¶14-15; C. Savage Decl., ¶¶7-8; McCune Decl., ¶¶2-4). Because this meeting dealt with C.J.A. funding matters, it was *ex-parte*. Defense counsel were aware at this point that the judge had reviewed transcripts of Slager's state court trial, and had attended portions of the state court trial, and he was therefore familiar with the details of the case. During this meeting the judge, unprompted by anything said or asked by counsel, expressed his opinion that "this is not a murder case." (A. Savage Decl., ¶¶14-15; C. Savage Decl., ¶¶7-8; McCune Decl., ¶¶2-4). The attorneys understood this comment to mean that the judge believed that Slager's conduct constituted voluntary manslaughter, involuntary manslaughter, or even possibly a lesser offense. Based on this statement by the judge, the defense team did not believe that the judge would apply the murder cross-reference under the Guidelines.

1

(ECF 175, p. 6). This allegation falls squarely within the language of 28 U.S.C. § 455(b)(1) which calls for recusal when the presiding judge has "personal knowledge of disputed evidentiary facts concerning the proceeding." Resolution of Slager's 2255 motion will require the district court judge to sit as fact-finder regarding the credibility of witnesses who make the above-stated claims. This is simply not possible unless the 2255 proceedings are handled by a separate district court judge, with no prior knowledge of the allegations in Slager's motion.

     In conclusion, Slager respectfully moves this court to recuse present Judge David Norton, and that the case be reassigned to another Judge.

RESPECTFULLY SUBMITTED,

s/ Christopher R. Geel
**Christopher R. Geel (#12432)**
Geel Law Firm, LLC
P.O. Box 21771
Charleston, SC 29413
843-277-5080
Chris@GeelLawFirm.com

August 18, 2020

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the District of South Carolina by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

s/ Christopher R. Geel
Christopher R. Geel (#12432)