# Exhibit B

**From:** Klumb, Eric (USASC) [mailto:Eric.Klumb@usdoj.gov]
**Sent:** Thursday, April 06, 2017 11:38 AM
**To:** Andrew J. Savage <Andy@savlaw.com>; Cheryl L. Savage <Cheryl@savlaw.com>; Heather C. Hill
<heather@savlaw.com>; Donald L McCune, Jr. <donald@savlaw.com>
**Cc:** Fishman, Jared (CRT) <Jared.Fishman2@usdoj.gov>
**Subject:** US v Slager - Proposed plea

All,
I've attached a draft proposed plea agreement.  Jared and I are free to discuss this afternoon.
Let us know,
Eric

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff** | |
| **v.** | **Criminal No: 2:16-378** |
| **MICHAEL SLAGER,** | |
| **Defendant.** | |

## GLOBAL PLEA AGREEMENT

The United States of America, by and through undersigned counsel for the United States; the Defendant Michael Slager, personally and by and through his counsel, Andrew J. Savage, III, and the State of South Carolina, represented by Ninth Judicial Circuit Solicitor Scarlett A. Wilson, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.**  The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law. By entering into this Plea Agreement, the defendant admits to willfully committing the charged offense, and to being guilty of the offense.

2.    **Elements of the Offense.**  In order to sustain its burden of proof, the Government is required to prove the following:

   a.  That the defendant deprived Walter Lamar Scott, Jr., of the right to be free from the unreasonable and excessive use of force by a law enforcement officer, a right secured by the Fourth Amendment to the United States Constitution;

   b.  That the defendant acted under color of law;

1

    c.  That the defendant acted willfully, that is, he committed such act or acts with a bad purpose to disobey or disregard the law, specifically intending to deprive Walter Scott of that right; and

    d.  That bodily injury or death resulted, or that the offense involved the use of a dangerous weapon.

**3.**    **Maximum Penalties for this Offense**

    a.  Maximum Term of Imprisonment:  Life

    b.  Maximum Fine:  $250,000

    c.  Supervised Release:  5 years

    d.  Special Assessment:  $100

4.    **Factual Basis for the Guilty Plea.**  The parties agree that the following facts are accurate.  The Defendant and the United States agree that the facts satisfy all of the elements of the offense set forth in this plea agreement, above.  The parties reserve the right to bring additional facts to the attention of the Court to be considered for purposes of determining an appropriate sentence:

On April 4, 2015, Michael Slager was a commissioned police officer with the North Charleston Police Department (NCPD).  Slager was on duty as a police officer when he stopped Walter Scott's vehicle after observing that the center brake light was not working.  During the stop, Scott fled the scene on foot.  Slager pursued Scott on foot.  During the chase, Slager deployed the probes of his Taser.  His first attempt to use his Taser was unsuccessful in stopping Scott.  Slager ultimately caught up to Scott and deployed his Taser probes a second time.

After the second Taser deployment, Scott fell to the ground, where Slager attempted to handcuff him.  Slager and Scott then engaged in a brief struggle on the ground.  Scott managed to get off the ground and again run away from Slager.  The defendant's Taser dropped to the ground behind the defendant.  As Scott was running away, Slager fired eight shots at him from

2

his department-issued firearm.  Scott was unarmed and running away from Slager. Five shots hit

Scott, who suffered bodily injury, and died on the scene as a result of his injuries.

After Scott was shot and fell to the ground, Slager handcuffed Scott.  Immediately after

doing so, Slager returned to the location where he had fired his weapon and retrieved his Taser.

Slager then returned to Scott's body and dropped the Taser in the vicinity of the body.  Slager

retrieved and holstered his Taser, shortly thereafter.

The defendant willfully used deadly force even though it was objectively unreasonable

under the circumstances.   The defendant acknowledges that at the time he used deadly force, he

knew that the use of deadly force was unnecessary, unjustified, and excessive, and therefore

unreasonable under the circumstances.

Following the shooting, Slager told other officers and agents of the South Carolina Law

Enforcement Division that he shot Scott because Scott took his Taser and was coming towards

him.  At the time that Slager made those statements, Slager knew that Scott was unarmed and

running away.

5.     **Application of the Sentencing Guidelines.**  The parties request that the Court

apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence

and impose a sentence consistent with the Guidelines and 18 U.S.C. § 3553. The defendant

agrees to waive all constitutional challenges to the validity of the Guidelines.  The defendant

understands and acknowledges that the Court will find, by a preponderance of the evidence, the

facts used to determine the offense level, and that in making its findings, the Court may consider

any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing

objections to the Presentence Report prepared by the United States Probation Office, or from

arguing the application of specific sections of the Guidelines.  The parties agree that the Court

3

will determine the final Guideline range.  The parties understand that this Plea Agreement binds

the parties only and does not bind the Court.

6.    **Agreements by the United States.**  In return for the defendant's plea of guilty as

set forth herein, the United States agrees:

(a)    to dismiss, at the time of sentencing, the remaining counts of the Indictment, specifically those charging the defendant with one count of obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3); and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).

(b)    to not file any additional charges against the defendant arising out of the facts forming the basis for the crimes charged in the Indictment;

(c)    to recommend that the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility.

7.    **Agreements by the State of South Carolina.**  In return for the defendant's plea

of guilty as set forth herein, the State of South Carolina agrees:

(a)    to dismiss, upon completion of the Federal sentencing, the charge pending in State v. Slager, Case No. 2015-GS-10-3466.

(b)    to not file any additional charges against the defendant arising out of the facts forming the basis for the crimes charged in the Indictment.

The defendant agrees that the Solicitor may address the Court at sentencing on

behalf of the State of South Carolina.

8.    **Agreements by the United States and South Carolina Contingent on Defendant's Continued Acceptance of Responsibility**

The Defendant understands that the United States' Obligation under Paragraph 6, and the

State of South Carolina's obligations under Paragraph 7 are expressly contingent upon the

Defendant's abiding by federal and state laws, and continuing to accept responsibility.  In the

event that the Defendant fails to comply with any of the provisions of this Agreement, either

express or implied, the United States and the State of South Carolina will have the right, at their

4

sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

9.     **Sentence to be Determined by the Court.**  The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot make and has not made any promise or representation as to what sentence the defendant will receive.  Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the actual sentence will be.

10.     **Defendant Has Adequately Consulted with His Attorney.**  The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

11.    **Waiver of Appeal and Collateral Attack.**  The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence.  Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255.  This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b), nor does it limit the Government in its comments in or responses to any post-sentencing matters.

12.    **Hyde Amendment Waiver.**  The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

13.    **Waiver of Rights Under Fed. R. Evid. 410**: By signing this agreement, defendant expressly and voluntarily waives the protection of Federal Rule of Evidence 410. Thus, in the event that he violates the plea agreement or, at any time after signing this agreement, withdraws his offer to plead guilty, any statements he has made or makes in conjunction with or following this plea agreement – including the statements contained in the Factual Basis for the Guilty Plea, in paragraph 2 above; any statements he makes to law enforcement that are not covered by a proffer agreement; any re-arraignment colloquies related to this case; any testimony he gives before a grand jury or another tribunal; and any leads from such statements, testimony, or colloquies – shall be admissible for all purposes against him in any and all criminal proceedings.  By signing this agreement, Defendant admits that the statements listed above will

6

be admissible against him for any and all purposes if, for any reason, he fails to plead guilty, his plea of guilty is voided, or he withdraws his guilty plea.

14.     **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

15.     **Information Provided by Defendant.** The United States agrees not to use new information the defendant provides about his own criminal conduct, except as specifically authorized by U.S.S.G. § 1B1.8. This information may be revealed to the Court, but may not be used against the defendant to determine his applicable Guideline range or to depart above the applicable Guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) if the defendant breaches this Plea Agreement.

16.     **Identification of Assets & Agreement Concerning Monetary Penalties, Restitution, Fines, Assessments, and Forfeiture:**

The defendant agrees to cooperate fully with the government and specifically agrees as follows:

(a)     He agrees to provide a financial statement on a form approved by the United States Attorney's Office that discloses all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a

spouse, nominee, or other third party, as well as any transfer of assets that has taken place within three years preceding the entry of this Plea Agreement.

(b)    He agrees to submit to an examination, prior to and/or after sentencing, that may be taken under oath, and which may include a polygraph examination.

(c)    He acknowledges that any waivers, consents, or releases he signed for purposes of the Presentence Report extend to the United States Attorney's Office and to the Civil Rights Division of the U.S. Department of Justice.

(d)    He agrees to not encumber, transfer, or dispose of any monies, property, or assets under his custody or control, without written approval from the United States Attorney's Office.

(e)    He understands and agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment) will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, he understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If he is incarcerated, he agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(f)    If he posted funds as security for his appearance in this case, he authorizes the Court to release the funds and apply them to satisfy his financial obligations pursuant to the Court's judgment.

(g)    He waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment the Court announces on the record the day of sentencing.

17.    **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw his guilty plea.

18.    **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. If the defendant fails to make full payment of the special assessment, the United States will no longer be bound by the provisions contained in this

agreement.  The defendant has the burden of establishing an inability to pay the required special

assessment.  The parties acknowledge that if the Court finds the defendant is without resources to

pay the special assessment at the time of sentencing, the Court may allow payment during his

period of incarceration.

19.     **Full Disclosure by United States.**  The defendant understands that the United

States will provide to the Court and the United States Probation Office all information it deems

relevant to determining the appropriate sentence in this case.  This may include information

concerning his background, character, and conduct, including the entirety of his criminal

activities.  The defendant understands that these disclosures are not limited to the count of the

Indictment to which he is pleading guilty.  The United States may respond to comments he or his

attorney makes, or to positions he or his attorney takes, and correct any misstatements or

inaccuracies.  The United States further reserves its right to make any recommendations it deems

appropriate regarding the disposition of this case, subject only to any limitations set forth in this

Plea Agreement.  The defendant also has the right to provide information concerning the offense

and to make recommendations to the Court and the United States Probation Office.

20.     **Parties to the Agreement.**  The defendant understands that this Plea Agreement

binds only him, the United States Attorney's Office for the District of South Carolina, the Civil

Rights Division of the U.S. Department of Justice, and the State of South Carolina, and that it

does not bind any other federal, state, or local prosecution authority.

**No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence,

and this Plea Agreement with his attorney and he is fully satisfied with the advice and

representation his attorney provided.  Further, the defendant acknowledges that he has read the

Plea Agreement, understands it, and agrees it is true and accurate and not the result of any

threats, duress or coercion.  The defendant further understands that this Plea Agreement

9

supersedes any and all other agreements or negotiations between the parties, and that this Plea

Agreement embodies each and every term of the agreement between the parties. The defendant

acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is

guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and

knowingly.


_____     _____
Date                                   MICHAEL SLAGER, DEFENDANT


_____     _____
Date                                   ANDREW J. SAVAGE, III
                                       ATTORNEY FOR THE DEFENDANT


                                       BETH DRAKE
                                       UNITED STATES ATTORNEY


_____     _____
Date                                   ERIC KLUMB (#01671)
                                       ASSISTANT UNITED STATES ATTORNEY


_____     _____
Date                                   JARED FISHMAN
                                       SPECIAL LITIGATION COUNSEL
                                       UNITED STATES DEPARTMENT OF JUSTICE
                                       CIVIL RIGHTS DIVISION


_____     _____
Date                                   SCARLETT A. WILSON
                                       SOLICITOR, NINTH JUDICIAL CIRCUIT
                                       STATE OF SOUTH CAROLINA

10

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

**This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement</u>.**

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | 2:16-378 |
| **DEFENDANT'S NAME:** | MICHAEL SLAGER |
| **PAY THIS AMOUNT:** | $100.00 |
| **PAYMENT DUE ON OR BEFORE:** | **(date plea agreement signed)** |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
***CLERK, U.S. DISTRICT COURT***

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401**

OR HAND DELIVERED TO:
**Clerk's Office**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401** (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* **(<u>*Do Not send cash*</u>)**

11

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*

**From:** Andrew J. Savage
**Sent:** Friday, April 07, 2017 3:05 PM
**To:** Klumb, Eric (USASC) <Eric.Klumb@usdoj.gov>; shaun@shaunkentlaw.com; Miller Shealy <MShealy@charlestonlaw
**Cc:** Fishman, Jared (CRT) <Jared.Fishman2@usdoj.gov>; Heather C. Hill <heather@savlaw.com>; Cheryl
L. Savage <Cheryl@savlaw.com>; Donald L McCune, Jr. <donald@savlaw.com>
**Subject:** RE: US v. Slager, No. 2:16-378

Good afternoon Erick and Jarred

I must attend the Roof state court proceeding Monday morning so I
may miss the deadline but not by much.  I believe the written
agreement that we received provides the basic format that we will be
signing.  There are a couple of sticking points that I will be addressing
over the weekend including some language changes and some other
issues including:  no enhancements; a three point acceptance of
responsibility; dismissal of State charges upon either the filing of the
Agreement or acceptance of the Agreement by the court with the
understanding that we will not contest its revival if the defendant or his
attorneys do not abide by the conditions agreed upon prior to
sentencing; no waiver on right to appeal; and full disclosure prior to
plea of any Brady material including the documents requested in the
State action regarding Santana and the SLED lab personnel.  We remain
concerned that Santana may have committed perjury and that maybe
SLED lab personnel did the same.   That must be cleared up before we
enter the plea.

Andy

## Cheryl L. Savage

| | |
|---|---|
| **From:** | Cheryl L. Savage |
| **Sent:** | Monday, April 10, 2017 11:13 AM |
| **To:** | Jared.Fishman2@usdoj.gov; Klumb, Eric (USASC); Beth.Drake@usdoj.gov |
| **Cc:** | andy@savlaw.com; Cheryl L. Savage; Don McCune (donald@savlaw.com); Shaun Kent; Miller Shealy |
| **Subject:** | Slager Plea Agreement |
| **Attachments:** | AJS Final draft of plea agreement.pdf |

Jared,

It looks like I will be in court all day with the State Emanuel Case. I wanted you to receive my version by the deadline. This agreement as it stands now is contingent upon the receipt of all exculpatory information in the possession of the State of South Carolina and/or the Government of the United States.

This is why:

       That during the State trial:

       1.     Santana with the knowledge of the State either committed perjury or knowingly made false statements which the State was aware of at the time they were made.

       2.     The State failed to correct or notify Slager of the false statements of Santana.

       3.     The State offered false testimony by at least one employee of the State Law Enforcement Division which the State was aware of at the time it was offered or became aware of before the       completion of the State trial.

       4.     The State made no attempt to advise Slager of the false testimony provided by the State either during or subsequent to the trial.

Best,

Andy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NUMBER: 2:16-cr-378 |
| | ) | |
| -versus- | ) | |
| | ) | |
| MICHAEL THOMAS SLAGER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### GLOBAL PLEA AGREEMENT

The United States of America (USA), by and through undersigned counsel; Michael Thomas Slager (Slager), personally and by and through his lead counsel, Andrew J. Savage, III; and the State of South Carolina (S.C.), represented by Solicitor Scarlett A. Wilson, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea**.  The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law.  By entering into this Plea Agreement, Slager admits to committing the charged offense, and to being guilty of the offense.

2.    **Elements of the Offense**.  In order to sustain its burden of proof, the Government is required to prove the following:

      a.    That in North Charleston, South Carolina, Slager deprived Walter Lamar Scott, Jr. (Scott), of the right to be free from the unreasonable and excessive use of force by a law enforcement officer, a right secured by the Fourth Amendment to the United States Constitution;

1

    b.     That Slager acted under color of law;

    c.     That Slager acted wilfully;

    d.     That death resulted.

**3.**    **Maximum Penalties for this Offense**

    a.     Maximum Term of Imprisonment: Life
           No minimum

    b.     Maximum Fine: $250,000
           No minimum

    c.     Supervised Release: 5 years

    d.     Special Assessment: $100

**4.Factual Basis for the Guilty Plea.** The parties (United States and Slager) agree that the following facts are accurate. Slager and the United States agree that the facts satisfy all of the elements necessary to prove a violation of 18 U.S.C. § 242. The parties (USA and Slager) reserve the right to bring additional facts to the attention of the Court to be considered for purposes of determining an appropriate sentence:

On April 4, 2015, Slager was employed as a commissioned police officer with the North Charleston Police Department (NCPD). Slager was on duty as a police officer when he stopped Scott's vehicle after observing that the center brake light was not working. During the stop, Scott without just cause fled from the area where he was detained. Slager engaged in a foot chase of Scott for approximately 200 yards. At the initiation of the pursuit, Slager radioed his department advising of his status and provided a description of Scott and the location/direction of the chase. Slager repeatedly instructed Scott to stop and warned of his intent to deploy his Taser. After chasing Scott for over 100 yards, Slager unsuccessfully deployed his Taser; then repeated his warnings, and fired

2

his Taser a second time.

Scott fell to the ground. As Slager attempted to handcuff Scott, Scott resisted and a struggle ensued causing both to go to the ground. Slager radioed his department asking for immediate assistance. Scott was able to get back to his feet whereupon he briefly faced Slager before turning and running away. As Scott turned, Slager's taser dropped to the ground behind him. Slager discharged his department issued firearm eight times striking Scott five times. At the time Scott was unarmed. Scott suffered mortal bodily injuries and died on the scene.

After Scott was shot and fell to the ground, Slager radioed his department and provided his status. After handcuffing Scott, Slager retrieved his Taser from the approximate location where he had fired his weapon and dropped it near Scott's body. Within thirty seconds, Slager regained possession of his Taser and holstered it.

Slager acknowledges that at the time he used deadly force he knew, or as a reasonable officer he should have known, that the use of deadly force was excessive and objectively unreasonable under the circumstances.

**5.** **Application of the Sentencing Guidelines.** The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines and 18 U.S.C. § 3553. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and that in making its findings, the Court may consider any reliable evidence, including heresay. Nothing in this section prevents the parties (United States and Slager) from filing objections to the Presentence Report prepared by the United States Probation Office, or

3

Slager from arguing the application of specific sections of the Guidelines except as noted elsewhere in this agreement. The parties (United States and Slager) agree that the Court will determine the final Guideline range. The parties understand that this Plea Agreement binds the parties only and does not bind the Court.

6. **Agreements by the United States**. In return for Slager's plea of guilty as set forth herein, the United States agrees:

    a.    to dismiss, at the time of sentencing, the remaining courts of the Federal Indictment, specifically those charging the defendant with one count of obstruction of justice, in violation of 18 U.S.C. § 1512 (b)(3); and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924 (c).

    b.    to not file any additional charges against Slager arising out of the facts forming the basis for the crimes charged in the Indictment;

    c.    to recommend that Slager receive a three (3) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility and to agree that no U.S.S.G. enhancements are appropriate given the facts of this case.

7. **Agreements by the State of South Carolina.** In return for Slager's plea of guilty as set forth herein, the State of South Carolina agrees:

    a.    to dismiss, upon the filing of this agreement, the charge pending in State v. Slager, Case No. 2015-GS-10-3466 subject to re-indictment if for any reason caused by Slager that the agreement is not fulfilled.

    b.    to not file any additional charges against Slager arising out of the facts forming the basis for the crimes charged in the Indictment.

Slager agrees that the Solicitor, along with immediate Scott family members, may address the Court at sentencing.

8. **Agreements by the United States and South Carolina Contingent on Defendant's Continued Acceptance of Responsibility**

4

Slager understands that the United States' obligation under Paragraph 6, and the State of South Carolina's obligations under Paragraph 7 are expressly contingent upon Slager's abiding by federal and state laws, and continuing to accept responsibility.  In the event that Slager fails to comply with any of the provisions of this Agreement, either express or implied, the United States and/or the State of South Carolina will have the right to void all of their obligations under this Agreement and Slager will not have any right to withdraw his plea of guilty to thy offense(s) enumerated herein.

9.     **Sentence to be Determined by the Court**.  Slager understands that the sentence imposed will be determined solely by the United States District Judge.  Neither the Department of Justice or counsel for Slager can make nor have they made any promise or representation as to what sentence Slager will receive.  Any discussions that the parties might have had about possible sentences are not binding, and do not constitute representations about what the actual sentence will be.

10.     **Defendant has Adequately Consulted with His Attorney**.  Slager represents to the Court that he has met with his attorneys, Messrs. McCune, Shealy, Kent and Savage, on a sufficient number of occasions and for a sufficient period of time to discuss his case and receive advice; that he has been truthful with his attorneys and related all information of which he is aware pertaining to the case; that he and his attorneys have discussed possible defenses to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed his right to a public trial by jury, or by the Court, his right to the assistance of counsel throughout the proceedings, his right to call witnesses on his own behalf and to compel their attendance at trial, his right to confront and cross-examine witnesses who may testify against him,

his right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from

his silence; and that he has, with the advice of counsel with whom he states he is well pleased,

weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this

Agreement, and that he has entered this Agreement as a matter of his own free and voluntary choice,

and not as a result of pressure or intimidation by any person.

11.     **Waiver of Appeal and Collateral Attack**. Slager is aware that 18 U.S.C.

§ 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or

sentence. Acknowledging those rights, Slager, in exchange for the concessions made by the

Government in this Plea Agreement, waives his right to contest his conviction in any direct appeal

or other post-conviction action, including any proceedings under 28 U.S.C.§ 2255. This waiver does

not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes

in the law that affect his sentence. This agreement does not affect the rights or obligations of the

Government as set forth in 18 U.S.C. § 3742(b), nor does it limit the Government in its comments

in or responses to any post-sentencing matters.

12.     **Hyde Amendment Waiver**. Slager further waives any right to seek

attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United

States Code, Section 3006A, and Slager acknowledges that the Government's position in the instant

prosecution was not vexatious, frivolous or in bad faith.

13.     **Waiver of Rights Under Fed. R. Evid. 410:** By signing this agreement, Slager

expressly and voluntarily waives the protection of Federal Rule of Evidence 410. Thus, in the event

that he violates this plea agreement or, at any time after signing this agreement, withdraws his offer

to plead guilty, any statements he has made or makes in conjunction with or following this plea

agreement - including the statements contained in the Factual Basis for the Guilty Plea, in Paragraph 2 above; any re-arraignment colloquies related to his case; any testimony given before another tribunal; and any leads from such statements, testimony, or colloquies - shall be admissible for all purposes against him in any and all criminal proceedings. By signing this agreement, Slager admits that the statements listed above will be admissible against him for any and all purposes if, for any reason, he fails of his own volition to plead guilty or due to his own actions, his plea of guilty is voided, or if he withdraws his guilty plea.

14.    **FOIA and Privacy Act Waiver**.  .  Slager waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

15.    **Withdrawal of Plea Not Permitted.**  Slager understands that if the Court accepts this Plea Agreement, but imposes a sentence with which the defendant does not agree, he will not be permitted to withdraw his guilty plea.

16.    **Payment of Special Assessment**.  Slager understands that a mandatory special assessment of $100 will be entered against him at the time of sentencing. Slager agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing.  If Slager fails to timely make full payment of the special assessment, the United States will no longer be bound by the provisions contained in this agreement.

17.    **Full Disclosure by United States**.  Slager understands that the United States will provide to him, prior to the filing of this agreement, all exculpatory information he has previously requested and which is known by either prosecuting party to this agreement or exculpatory information which either prosecuting party was obligated by law to obtain.  Slager understands that

7

the United States will provide to the Court and the United States Probation Office all information

it deems relevant to determining the appropriate sentence in this case. This may include information

concerning his background, character and conduct. The United States may respond to comments

he or his attorneys make, or to positions he or his attorneys take. The United States and Slager's

attorneys, consistent with their obligations under this agreement, reserve their rights to make any

recommendations they deem appropriate regarding the disposition of this case, subject only to any

limitations set forth in this Plea Agreement.

   18.   **Parties to the Agreement**. Slager understands that this Plea Agreement binds

him, the United States of America, and the State of South Carolina, including all of its subdivisions.

   19.   **No Other Agreements**. Slager has had sufficient time to discuss this case,

the evidence and this Plea Agreement with his attorneys and he is fully satisfied with the advice and

representation his attorneys provided. Further, Slager acknowledges that he has read the Plea

Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress,

or coercion. Slager further understands that this Plea Agreement supersedes any and all other

agreements or negotiations between the parties, and that this Plea Agreement embodies each and

every term of the agreement between the parties. Slager acknowledges that he is entering into this

Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is

entering his guilty plea freely, voluntarily and knowingly.


_____          _____
Date                            MICHAEL SLAGER, DEFENDANT


_____          _____
Date                            ANDREW J. SAVAGE, III
                                ATTORNEY FOR THE DEFENDANT

8

BETH DRAKE
UNITED STATES ATTORNEY

_____          _____
Date                             ERIC KLUMB (#01671)
                                 ASSISTANT UNITED STATES ATTORNEY

_____          _____
Date                             JARED FISHMAN
                                 SPECIAL LITIGATION COUNSEL
                                 UNITED STATES DEPARTMENT OF JUSTICE
                                 CIVIL RIGHTS DIVISION

_____          _____
Date                             SCARLETT A. WILSON
                                 SOLICITOR, NINTH JUDICIAL CIRCUIT
                                 STATE OF SOUTH CAROLINA

**From:** Donald L McCune, Jr.
**Sent:** Monday, April 10, 2017 3:51 PM
**To:** Andrew J. Savage <Andy@savlaw.com>; Cheryl L. Savage <Cheryl@savlaw.com>; Heather C. Hill <heather@savlaw
**Cc:** Miller Shealy <millershealylawfirm@gmail.com>; Shaun Kent <shaun@shaunkentlaw.com>
**Subject:** Jared/Eric

They just called and told me what they considered the "deal breakers" to be in Andy's version of the PA.

> They want both sides to agree on factual basis that is "dry and neutral" as opposed to advocacy for either position.
> On p. 7, para. 4, last para., they say that "or as a reasonable officer he should have known" will not support a 242 conviction. They need him to say at the time he used force, he knew it was excessive.
> The enhancements they want are the built in 6 levels for color of law, and a two level for obstruction of justice. No mention of abuse of trust.
> They will give three points for acceptance if OL is 34 or more, only 2 if 33 or below.
> They will not support dismissal of state charges prior to sentencing.
> They did not understand, but did not make a big fuss, over the FOIA language in para. 14.
> We did not even get to Brady.

I told them I would run this by you folks.

With those numbers, if they got all they wanted, 2d Degree murder G/L range would be LIFE based on OL 43. (38 + 6 + 2 - 3)
Voluntary MS G/L range would be 151-188 based on OL 34. (29 + 6+ 2 - 3)
Involuntary MS G/L range would be 51-63 based on OL 24. (18 + 6 + 2 - 2)

Miller/Shaun, will you please check these?


Donald L. McCune, Jr.

```
===========0000006469================
Tue 11-Apr-17 05:11p
====================================
CALL WAS AUTO DISPATCHED

CALLER    : Beth Drake
CLIENT    : Us Attorneys Office
CALLING FOR: Andy Savage
PHONE     : (803)929-3061
MESSAGE   : 8039201867 is my cell
number if I am away from the desk.

CALLER ID  :
        US ATTORNEY'S O

--------------------------------------
Message History  Account: 6469
Taken:  Tue 11-Apr-2017  5:11p CJM
Serial#: 1
===========0000006469================
```

**Heather C. Hill**

| | |
|---|---|
| **From:** | Heather C. Hill |
| **Sent:** | Wednesday, April 12, 2017 1:37 PM |
| **To:** | Drake, Beth (USASC) |
| **Cc:** | 'Andrew J. Savage'; Cheryl L. Savage; Donald L McCune, Jr. |
| **Subject:** | {Matter No.[201605032]}{United States v. Michael Slager (AJS/DLM/CLS)} |
| **Attachments:** | PDF DRAFT Slager Global Plea Agreement.pdf |

**PM Message ID:**      850056

Ms. Drake:  Andy marked up his previous draft before he left for court and asked that I send you the attached.  He is expected back in the office by 4pm.

Andy asked that I let you know that he is serious in his efforts and that he is sending this to see if we are in the ballpark regarding the totality of the agreement.

Please let us know if you have any problems opening the attachment.

*Heather C. Hill*
Paralegal to Andrew J. Savage, III
Savage Law Firm
15 Prioleau Street
Charleston, SC 29401
Telephone:  843-720-7470
Facsimile:  843-720-7478

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NUMBER: 2:16-cr-378 |
| | ) | |
| -versus- | ) | |
| | ) | |
| MICHAEL THOMAS SLAGER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### GLOBAL PLEA AGREEMENT

The United States of America (USA), by and through undersigned counsel; Michael Thomas Slager (Slager), personally and by and through his lead counsel, Andrew J. Savage, III; and the State of South Carolina (S.C.), represented by Solicitor Scarlett A. Wilson, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea**.  The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law.  By entering into this Plea Agreement, Slager admits to committing the charged offense, and to being guilty of the offense.

2.    **Elements of the Offense**.  In order to sustain its burden of proof, the Government is required to prove the following:

    a.    That in North Charleston, South Carolina, Slager deprived Walter Lamar Scott, Jr. (Scott), of the right to be free from the unreasonable and excessive use of force by a law enforcement officer, a right secured by the Fourth Amendment to the United States Constitution;

1

    b.      That Slager acted under color of law;

    c.      That Slager acted wilfully;

    d.      That death resulted.

**3.**    **Maximum Penalties for this Offense**

    a.      Maximum Term of Imprisonment: Life
            No minimum

    b.      Maximum Fine: $250,000
            No minimum

    c.      Supervised Release: 5 years

    d.      Special Assessment: $100

**4.Factual Basis for the Guilty Plea.**  The parties (United States and Slager) agree that the following facts are accurate.  Slager  and the United States agree that the facts satisfy all of the elements necessary to prove  a violation of 18 U.S.C. § 242.  The parties (USA and Slager) reserve the right to bring additional facts to the attention of the Court to be considered for purposes of determining an appropriate sentence:

On April 4, 2015, Slager was employed as a commissioned police officer with the North Charleston Police Department (NCPD).  Slager was on duty as a police officer when he stopped Scott's vehicle after observing that the center brake light was not working.  During the stop, Scott without just cause fled from the area where he was detained.  Slager engaged in a foot chase of Scott for approximately 200 yards.  At the initiation of the pursuit, Slager radioed his department advising of his status and provided a description of Scott and the location/direction of the chase.  Slager repeatedly instructed Scott to stop and warned of his intent to deploy his Taser.  After chasing Scott for over 100 yards, Slager unsuccessfully deployed his Taser; then repeated his warnings, and fired

his Taser a second time.

Scott fell to the ground. As Slager attempted to handcuff Scott, Scott resisted and a struggle ensued causing both to go to the ground. Slager radioed his department asking for immediate assistance. Scott was able to get back to his feet whereupon he briefly faced Slager before turning and running away. As Scott turned, Slager's taser dropped to the ground behind him. Slager discharged his department issued firearm eight times striking Scott five times. At the time Scott was unarmed. Scott suffered mortal bodily injuries and died on the scene.

After Scott was shot and fell to the ground, Slager radioed his department and provided his status. After handcuffing Scott, Slager retrieved his Taser from the approximate location where he had fired his weapon and dropped it near Scott's body. Within thirty seconds, Slager regained possession of his Taser and holstered it.

Slager acknowledges that at the time he used deadly force he knew that the use of deadly force was excessive and objectively unreasonable.

**5.** **Application of the Sentencing Guidelines.** The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines and 18 U.S.C. § 3553. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and that in making its findings, the Court may consider any reliable evidence, including heresay. Nothing in this section prevents the parties (United States and Slager) from filing objections to the Presentence Report prepared by the United States Probation Office, or Slager from arguing the application of specific sections of the Guidelines except as noted elsewhere

3

in this agreement. The parties (United States and Slager) agree that the Court will determine the final Guideline range. The parties understand that this Plea Agreement binds the parties only and does not bind the Court.

6.    **Agreements by the United States**. In return for Slager's plea of guilty as set forth herein, the United States agrees:

a.    to dismiss, at the time of sentencing, the remaining courts of the Federal Indictment, specifically those charging the defendant with one count of obstruction of justice, in violation of 18 U.S.C. § 1512 (b)(3); and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924 (c).

b.    to not file any additional charges against Slager arising out of the facts forming the basis for the crimes charged in the Indictment;

c.    to recommend that Slager receive the maximum permissible reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility;

d.    that Slager will be allowed to seek a sentence not to exceed sixty (60) months or less without objection by the Government and that the Government will advise the Court that a sentence of sixty (60) months is reasonable.

7.    **Agreements by the State of South Carolina.** In return for Slager's plea of guilty as set forth herein, the State of South Carolina agrees:

a.    to dismiss, upon the filing of this agreement, the charge pending in State v. Slager, Case No. 2015-GS-10-3466 subject to re-indictment if for any reason caused by Slager that the agreement is not fulfilled.

b.    to not file any additional charges against Slager arising out of the facts forming the basis for the crimes charged in the Indictment.

Slager agrees that the Solicitor, along with immediate Scott family members, may address the Court at sentencing.

4

8.     **Agreements by the United States and South Carolina Contingent on Defendant's Continued Acceptance of Responsibility**

Slager understands that the United States' obligation under Paragraph 6, and the State of South Carolina's obligations under Paragraph 7 are expressly contingent upon Slager's abiding by federal and state laws, and continuing to accept responsibility. In the event that Slager fails to comply with any of the provisions of this Agreement, either express or implied, the United States and/or the State of South Carolina will have the right to void all of their obligations under this Agreement and Slager will not have any right to withdraw his plea of guilty to thy offense(s) enumerated herein.

9.     **Sentence to be Determined by the Court**. Slager understands that the sentence imposed will be determined solely by the United States District Judge. Neither the Department of Justice or counsel for Slager can make nor have they made any promise or representation as to what sentence Slager will receive. Any discussions that the parties might had about possible sentences are not binding, and do not constitute representations about what the actual sentence will be.

10.     **Defendant has Adequately Consulted with His Attorney**. Slager represents to the Court that he has met with his attorneys, Messrs. McCune, Shealy, Kent and Savage, on a sufficient number of occasions and for a sufficient period of time to discuss his case and receive advice; that he has been truthful with his attorneys and related all information of which he is aware pertaining to the case; that he and his attorneys have discussed possible defenses to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed his right to a public trial by jury, or by the Court, his right to the assistance of counsel

5

throughout the proceedings, his right to call witnesses on his own behalf and to compel their

attendance at trial, his right to confront and cross-examine witnesses who may testify against him,

his right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from

his silence; and that he has, with the advice of counsel with whom he states he is well pleased,

weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this

Agreement, and that he has entered this Agreement as a matter of his own free and voluntary choice,

and not as a result of pressure or intimidation by any person.

      11.     **Waiver of Appeal and Collateral Attack**. Slager is aware that 18 U.S.C.

§ 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or

sentence. Acknowledging those rights, Slager, in exchange for the concessions made by the

Government in this Plea Agreement, waives his right to contest his conviction in any direct appeal

or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does

not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes

in the law that affect his sentence. This agreement does not affect the rights or obligations of the

Government as set forth in 18 U.S.C. § 3742(b), nor does it limit the Government in its comments

in or responses to any post-sentencing matters.

      12.     **Hyde Amendment Waiver**. Slager further waives any right to seek

attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United

States Code, Section 3006A, and Slager acknowledges that the Government's position in the instant

prosecution was not vexatious, frivolous or in bad faith.

      13.     **Waiver of Rights Under Fed. R. Evid. 410:** By signing this agreement, Slager

expressly and voluntarily waives the protection of Federal Rule of Evidence 410. Thus, in the event

6

that he violates this plea agreement or, at any time after signing this agreement, withdraws his offer to plead guilty, any statements he has made or makes in conjunction with or following this plea agreement - including the statements contained in the Factual Basis for the Guilty Plea, in Paragraph 2 above; any re-arraignment colloquies related to his case; any testimony given before another tribunal; and any leads from such statements, testimony, or colloquies - shall be admissible for all purposes against him in any and all criminal proceedings. By signing this agreement, Slager admits that the statements listed above will be admissible against him for any and all purposes if, for any reason, he fails of his own volition to plead guilty or due to his own actions, his plea of guilty is voided, or if he withdraws his guilty plea.

14. **FOIA and Privacy Act Waiver**. . Slager waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

15. **Withdrawal of Plea Not Permitted.** Slager understands that if the Court accepts this Plea Agreement, but imposes a sentence with which the defendant does not agree, he will not be permitted to withdraw his guilty plea.

16. **Payment of Special Assessment**. Slager understands that a mandatory special assessment of $100 will be entered against him at the time of sentencing. Slager agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. If Slager fails to timely make full payment of the special assessment, the United States will no longer be bound by the provisions contained in this agreement.

17. **Full Disclosure by United States**. Slager understands that the United States will provide to him, prior to the filing of this agreement, all exculpatory information he has previously

7

requested and which is known by either prosecuting party to this agreement or exculpatory information which either prosecuting party was obligated by law to obtain. Slager understands that the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character and conduct. The United States may respond to comments he or his attorneys make, or to positions he or his attorneys take. The United States and Slager's attorneys, consistent with their obligations under this agreement, reserve their rights to make any recommendations they deem appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement.

18. **Parties to the Agreement**. Slager understands that this Plea Agreement binds him, the United States of America, and the State of South Carolina, including all of its subdivisions.

19. **No Other Agreements**. Slager has had sufficient time to discuss this case, the evidence and this Plea Agreement with his attorneys and he is fully satisfied with the advice and representation his attorneys provided. Further, Slager acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress, or coercion. Slager further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties. Slager acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily and knowingly.

_____          _____
Date                             MICHAEL SLAGER, DEFENDANT

8

_____        _____
Date                              ANDREW J. SAVAGE, III
                                ATTORNEY FOR THE DEFENDANT


                                BETH DRAKE
                                UNITED STATES ATTORNEY

_____        _____
Date                              ERIC KLUMB (#01671)
                                ASSISTANT UNITED STATES ATTORNEY

_____        _____
Date                              JARED FISHMAN
                                SPECIAL LITIGATION COUNSEL
                                UNITED STATES DEPARTMENT OF JUSTICE
                                CIVIL RIGHTS DIVISION

_____        _____
Date                              SCARLETT A. WILSON
                                SOLICITOR, NINTH JUDICIAL CIRCUIT
                                STATE OF SOUTH CAROLINA

**From:** Drake, Beth (USASC) [mailto:Beth.Drake@usdoj.gov]
**Sent:** Wednesday, April 12, 2017 5:11 PM
**To:** Heather C. Hill <heather@savlaw.com>
**Cc:** Andrew J. Savage <Andy@savlaw.com>; Cheryl L. Savage <Cheryl@savlaw.com>; Donald L McCune, Jr. <donald@savlaw.com>
**Subject:** RE: {Matter No.[201605032]}{United States v. Michael Slager (AJS/DLM/CLS)}

Thanks, Heather.  Andy has put the involuntary guideline in, which is low.  I am talking to the trial team about a cap or a recommendation.  Of course, this is all new, and we are going to have to talk to DOJ, the victims, the Solicitor and each other.  No authority at this point.  We are starting fresh, because we understood originally that both sides were going to agree to disagree and let the judge sort it out based on arguments at the sentencing.

Still hopeful we can figure out a plea.  Let's keep working on both sides.

-----Original Message-----
From: Andrew J. Savage [<mailto:Andy@savlaw.com>]
Sent: Thursday, April 13, 2017 11:09 AM
To: Drake, Beth (USASC) <BDrake@usa.doj.gov <mailto:BDrake@usa.doj.gov>>
Subject: Slager

Good morning Beth

I remain hopeful we can get a resolution and I am more than happy to go to Columbia or to D.C. to confer with you, Tom and others to explain my point of view and the basis for our opinion.   We feel strongly that although Slager's was admittedly wrong and calls for punishment, given the totality of the circumstances the punishment should not exceed the parameters we have suggested.  We will travel anywhere to explain the basis for our position.

I have authority to approve what I sent to you yesterday and if acceptable we can enter a plea under those conditions immediately.

Best

Andy

Sent from my iPhone

From: Drake, Beth (USASC) [<mailto:Beth.Drake@usdoj.gov>]
Sent: Thursday, April 13, 2017 4:14 PM
To: Andrew J. Savage <Andy@savlaw.com <mailto:Andy@savlaw.com>>
Cc: Fitzgerald, Paige (CRT) <Paige.Fitzgerald@usdoj.gov <mailto:Paige.Fitzgerald@usdoj.gov>>; Wicker,
Nancy (USASC) <Nancy.Wicker@usdoj.gov <mailto:Nancy.Wicker@usdoj.gov>>
Subject: RE: Slager
Importance: High

Andy -

Thank you for working with us to figure out if there is a mutually acceptable framework for a plea.
Attached is some plea language that we think is acceptable.  We have not initiated a second round of
discussions with the Solicitor or the family.  As described, we are just trying to find a common path, and
here is where we are.

Please call with questions.  Paige was the drafter here.  We are not excluding our trial attorneys but
trying not to put them on the roller coaster of a back and forth plea negotiation when they are in the
thick of trial preparation.

Beth
Cell 803-920-1867

The parties stipulate to the following application of the Sentencing Guidelines:

- Pursuant to U.S.S.G. § 2H1.1(a)(1), the applicable offense guideline for Count __ is U.S.S.G. § 2A1.3, which provides for a base offense level of 29.
- Because the offense was committed under color of law, add 6 levels pursuant to U.S.S.G. § 2H1.1(b)(1).
- Because the defendant obstructed justice, add 2 levels pursuant to U.S.S.G. § 3C1.1.
- Because the defendant has accepted responsibility, subtract 2 levels pursuant to U.S.S.G. § 3E1.1.  However, the Government will not be required to recommend an adjustment based on acceptance of responsibility if, after entering this Plea Agreement, the defendant engages in conduct inconsistent with accepting responsibility.  Thus, by way of example only, should the defendant falsely deny or falsely attempt to minimize his involvement in relevant offense conduct, give conflicting statements about his involvement, fail to pay the special assessment, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend an adjustment for acceptance of responsibility.
- No other adjustments apply.
- The total offense level is 35.
- The defendant's criminal history category is I.  If the defendant receives credit for acceptance of responsibility, the resulting guideline range is 168-210 months.
- If the defendant does not receive credit for acceptance of responsibility, the resulting guideline range is 210-262 months.
- The defendant retains the right to argue for downward departure and/or variance from the applicable guideline range.
- The government agrees that it will not seek an upward departure/variance from the applicable guideline range, but retains the right to object to a downward departure/variance from the applicable guideline range.

**From:** Donald L McCune, Jr.
**Sent:** Friday, April 14, 2017 3:24 PM
**To:** Drake, Beth (USASC) <Beth.Drake@usdoj.gov>
**Cc:** Andrew J. Savage <Andy@savlaw.com>; Cheryl L. Savage <Cheryl@savlaw.com>; Heather C. Hill
<heather@savlaw.com>; Miller Shealy <millershealylawfirm@gmail.com>
**Subject:** Slager stats

Hi Beth -

I hope all is well with you and yours.  Andy asked me to send you these stats from the USSG Sourcebook
on sentencing for the FY 2009-2015.  Also, we would like to again offer to come see you, and anyone
else you deem valuable to be present, at a time and place of your choosing and have a face-to-face sit
down before abandoning our efforts to resolve this matter with a plea.  The stakes are so high on both
sides that we believe we need to exhaust every avenue available.  By meeting in person we may be able
to reach consensus that is sometimes foreclosed in emails or phone calls.  Safe travels and I look
forward to continue working with you on this and other matters.

Cheers,

Don

**From:** Donald L McCune, Jr.
**Sent:** Friday, April 14, 2017 4:06 PM
**To:** Andrew J. Savage <Andy@savlaw.com>; Cheryl L. Savage <Cheryl@savlaw.com>; Heather C. Hill <heather@savlav
**Subject:** Beth Drake

She just called and we talked a bit about the situation we are in.  She said she was not moved by the
242 info we sent because this case is such an outlier.  I directed her to the voluntary numbers and she
will look at that.  Essentially, she thinks a plea to something in the voluntary range will be necessary to
get Scarlett aboard, but she is still open.  I told her we would touch base Monday.  She also wanted
numbers on average sentences in state court for voluntary, though I fail to see the relevance of that.

Donald L. McCune, Jr.

From: Donald L McCune, Jr.
Sent: Monday, April 17, 2017 11:40 AM
To: Drake, Beth (USASC) <Beth.Drake@usdoj.gov>
Cc: Andrew J. Savage <Andy@savlaw.com>; Cheryl L. Savage <Cheryl@savlaw.com>; Heather C. Hill
<heather@savlaw.com>; Miller Shealy <millershealylawfirm@gmail.com>
Subject: RE: Slager stats

Will do Beth.  Thank you, and enjoy your time with your daughter.

From: Drake, Beth (USASC) [mailto:Beth.Drake@usdoj.gov]
Sent: Monday, April 17, 2017 10:59 AM
To: Donald L McCune, Jr. <donald@savlaw.com>
Cc: Andrew J. Savage <Andy@savlaw.com>; Cheryl L. Savage <Cheryl@savlaw.com>; Heather C. Hill
<heather@savlaw.com>; Miller Shealy <millershealylawfirm@gmail.com>
Subject: Re: Slager stats

Don, I am on leave with daughter today, but after you and Andy talk, would welcome opportunity to
talk further about variances and departures. Will you let me know if you guys think that would be
helpful? Thanks.

Beth

Sent from my iPhone

From: Drake, Beth (USASC) [mailto:Beth.Drake@usdoj.gov]
Sent: Tuesday, April 18, 2017 7:27 PM
To: Donald L McCune, Jr. <donald@savlaw.com>
Cc: Andrew J. Savage <Andy@savlaw.com>; Cheryl L. Savage <Cheryl@savlaw.com>; Heather C. Hill
<heather@savlaw.com>; Miller Shealy <millershealylawfirm@gmail.com>
Subject: Re: Slager stats

Andy and team, do you guys have time to talk some more tomorrow?

Sent from my iPhone

**From:** Drake, Beth (USASC) [mailto:Beth.Drake@usdoj.gov]
**Sent:** Thursday, April 20, 2017 2:18 PM
**To:** Andrew J. Savage <Andy@savlaw.com>; shaun@shaunkentlaw.com; Donald L McCune, Jr.
<donald@savlaw.com>; Cheryl L. Savage <Cheryl@savlaw.com>; millershealylawfirm@gmail.com
**Cc:** Kessler, Tamara (CRT) <Tamara.Kessler@usdoj.gov>; Wicker, Nancy (USASC) <Nancy.Wicker@usdoj.gov>
**Subject:** Slager/Scott

Andy, Cheryl, do hope you have a great time in D.C. at your wedding.  No meeting on Monday.  So you
guys keep on working towards a trial, as we will.  Last offer still stands, and that is G/L range of 151 to
188, with your ability to argue for variances and departures.  If you guys want to counter with
something other than the involuntary guidelines, we will certainly consider.

[Not copying trial team just to preserve their time.]

>>>>> On Apr 22, 2017, at 1:05 PM, Andrew J. Savage <Andy@savlaw.com
<mailto:Andy@savlaw.com>> wrote:
>>>>>
>>>>> Good afternoon Beth
>>>>>
>>>>> Cheryl and I are in DC and after your last email it appears we are locked in positions where an
agreement will not be possible.
>>>>>
>>>>> I do not know if you are aware that Jarred and I discussed a resolution during the State trial as
testimony was still being taken. The tentative offer was ten with his agreement to explore lower with
his folks and the State.  Nothing more came of it.
>>>>>
>>>>> The State jury was unanimous in acquitting the murder charge; two jurors committed for
acquittal on any charge; five leaning toward acquittal and leaning toward manslaughter, nearly all
thought five years was excessive.   This is from Nine are jurors that the State contacted and after
meeting with the state they contacted us.
>>>>>
>>>>> Now the Feds are in concert with the State are looking for significantly more time.
>>>>>
>>>>> What are the Feds willing to do if we leave the State out of it?   Perhaps an under/over lock could
be worked out.   We would be willing to consider that without any involvement of the State.
>>>>>
>>>>> Best
>>>>>
>>>>> Andy.
>>>>> Sent from my iPhone
>>>>
>>

>>>
>>>> On Apr 25, 2017, at 8:51 PM, Andrew J. Savage <Andy@savlaw.com <mailto:Andy@savlaw.com>> wrote:
>>>>
>>>> Good evening Beth,
>>>>
>>>> Are further conversations regarding criteria for a plea in the forecast?
>>>>
>>>> Last start up was my email from Saturday and I thought we might talk this week. In person is always preferable from our perch
>>>>
>>>> Best,
>>>>
>>>> Andy

\>>
\>>> On Apr 25, 2017, at 9:00 PM, Drake, Beth (USASC) <Beth.Drake@usdoj.gov
<mailto:Beth.Drake@usdoj.gov>> wrote:
\>>>
\>>> Andy, last offer still stands. Glad to sit down. I am definitely in town Friday. Can likely come down
Thursday. Thank you for reaching out.
\>>>
\>>> Beth
\>>>
\>>> Sent from my iPhone

> On Apr 25, 2017, at 9:17 PM, Drake, Beth (USASC) <Beth.Drake@usdoj.gov
<mailto:Beth.Drake@usdoj.gov>> wrote:
>
> Andy, if you have a hard proposal, please make it. In our district, super-acceptance is scarce, very
scarce this close to trial. You are going to have to come up. We look forward to sitting down, but please
be realistic. For a plea, it's a voluntary g/l with a significant concession of the 924(c). Is there another
term you are looking for that is reasonable?
>
> Sent from my iPhone

From: Andrew J. Savage
Sent: Wednesday, April 26, 2017 7:24 AM
To: Drake, Beth (USASC) <Beth.Drake@usdoj.gov>
Cc: Fitzgerald, Paige (CRT) <Paige.Fitzgerald@usdoj.gov>; Donald L McCune, Jr. <donald@savlaw.com>;
Cheryl L. Savage <Cheryl@savlaw.com>; MShealy@charlestonlaw.edu; Michael Slager
<slagermike1111@yahoo.com>; shaun@shaunkentlaw.com; Heather C. Hill <heather@savlaw.com>
Subject: Re: Slager

Good morning Beth,

We would like to propose the idea of leaving the State out of this and having a high/low proposal.
Assuming that the State is the driving factor that now has your offer over ten years we think this
concept will work.

 Jarred discussed the ten range before the results were known in Slager I. We acknowledge that there
will be an element of incarceration and we are willing to commit to a floor.

  If the concept is acceptable we should talk.

Best,

Andy

From: Drake, Beth (USASC) [mailto:Beth.Drake@usdoj.gov]
Sent: Wednesday, April 26, 2017 8:57 AM
To: Andrew J. Savage <Andy@savlaw.com>
Cc: Fitzgerald, Paige (CRT) <Paige.Fitzgerald@usdoj.gov>; Donald L McCune, Jr. <donald@savlaw.com>;
Cheryl L. Savage <Cheryl@savlaw.com>; MShealy@charlestonlaw.edu; Michael Slager
<slagermike1111@yahoo.com>; shaun@shaunkentlaw.com; Heather C. Hill <heather@savlaw.com>;
Wicker, Nancy (USASC) <Nancy.Wicker@usdoj.gov>; Crick, Lance (USASC) <Lance.Crick@usdoj.gov>;
Richardson, Jay N. (USASC) <Jay.N.Richardson@usdoj.gov>
Subject: RE: Slager

Andy, you continue to reference this ten year range.  I am not in Charleston in the room with our trial
lawyers and did not attend the state case where you recollect this conversation occurring, but nobody
on the federal side is talking a recommendation/cap of ten.  The framework that Paige has outlined,
where we commit to the voluntary man guidelines (12 and 1/2 to 15 and 1/2), would allow you to argue
the case to get below ten.  Judge Norton is a very balanced judge - sage, tested, and fully vested in the
give and take of litigation.  Typically, on a plea, judges don't start at the tippy top of the g/l to figure out
where to go.  I am sure he will be fair and balanced.  That said, please propose a framework you/your
client would accept. Being very candid, I am not sure we can come to terms, but let's try.

As you are I am sure aware, any plea in this case will have to be approved by Paige and her
management structure.

Thank you, Andy.  God forbid I ever get myself in trouble, you are on my list of counsel because you
fight like hell for each and every client you have.

From: Andrew J. Savage
Sent: Wednesday, April 26, 2017 9:05 AM
To: Drake, Beth (USASC) <Beth.Drake@usdoj.gov>
Cc: Fitzgerald, Paige (CRT) <Paige.Fitzgerald@usdoj.gov>; Donald L McCune, Jr. <donald@savlaw.com>;
Cheryl L. Savage <Cheryl@savlaw.com>; MShealy@charlestonlaw.edu; Michael Slager
<slagermike1111@yahoo.com>; shaun@shaunkentlaw.com; Heather C. Hill <heather@savlaw.com>;
Wicker, Nancy (USASC) <Nancy.Wicker@usdoj.gov>; Crick, Lance (USASC) <Lance.Crick@usdoj.gov>;
Richardson, Jay N. (USASC) <Jay.N.Richardson@usdoj.gov>
Subject: Re: Slager

Jared will no doubt remember. A conversation he and I had in the courtroom during the State case.
Shortly after a SLED crime scene witness testified.   Ten years was proposed. Scarlett would not accept.
Jared  was acting as a go between and said that he (fed) could live with that.

I remain interested in a high low.

I remain interested in a face to face so there is no miscommunication

**From:** "Drake, Beth (USASC)" <Beth.Drake@usdoj.gov <mailto:Beth.Drake@usdoj.gov>>
**Date:** April 26, 2017 at 6:16:43 PM EDT
**To:** "Andrew J. Savage (Andy@savlaw.com <mailto:Andy@savlaw.com>)" <Andy@savlaw.com <mailto:Andy@savlaw.com>>
**Subject: You got time for a quick call?  I'm at my desk.  803-929-3061**

**From:** Andrew J. Savage
**Sent:** Wednesday, April 26, 2017 6:30 PM
**To:** Donald L McCune, Jr. <donald@savlaw.com <mailto:donald@savlaw.com>>; shaun@shaunkentlaw.com <mailto:shaun@shaunkentlaw.com>; MShealy@charlestonlaw.edu <mailto:MShealy@charlestonlaw.edu>; Cheryl L. Savage <Cheryl@savlaw.com <mailto:Cheryl@savlaw.com>>; Heather C. Hill <heather@savlaw.com <mailto:heather@savlaw.com>>; Morgan Wenzel <mwenzel@savlaw.com <mailto:mwenzel@savlaw.com>>
**Subject:** Fwd: You got time for a quick call? I'm at my desk. 803-929-3061

I just got off a phone call with Beth.  DC has rejected any offer improvement. They believe it is a second degree murder case.  Looks like we are on. Apparently blaming SAW was a hoax.

Best

Andy

Sent from my iPhone