UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL SLAGER | CASE NO.<br>2:16-CR-378 (Criminal)<br>2:20-CV-01945 (Civil)<br><br>**RESPONSE TO GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT (ECF 185)** |

Michael Slager hereby submits this Response to the Government's Motion for Summary Judgment (ECF 185, 185-1). Slager respectfully submits that the Government's motion should be denied, and that Slager is entitled to an evidentiary hearing in this case. The Government's motion must be denied because, (1) the Government submits new evidence into the record (ECF 185-2 and 185-3), which constitutes an admission that there are material facts at issue in this proceeding, (2) the Government's motion ignores many of the key factual allegations included in Slager's motion, and urges this Court to resolve disputed facts in its favor, which is contrary to the standard that this Court must apply in a summary judgment context, (3) throughout its motion, the Government repeatedly invites this Court to resolve credibility issues in its favor, based on the pleadings alone, (4) the Government relies on precedent that does not apply in the summary judgment context, and which actually lends support to Slager's request for an evidentiary hearing, and (5) Slager's factual claims deal primarily with out-of-court conversations with his lawyers and therefore summary judgment is not appropriate in this case. As discussed in more detail herein, this Court should deny the Government's Motion for Summary Judgment.

## I.   ARGUMENT

### A.   Summary Judgment Standard

Summary judgment under Rule 56 is "is an extreme remedy which should be sparingly employed." *Giordano v. Lee*, 434 F.2d 1227 (8th Cir. 1971). Summary judgment is appropriate only upon a showing that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). No genuine issue of material fact exists if the nonmoving party fails to make a showing sufficient to establish the existence of an essential element of its case as to which it would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In determining whether a genuine dispute of material fact exists, this Court must "view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562 (4th Cir. 2015). Summary judgment should only be granted "in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." *United States v. Lee*, 943 F.2d 366 (4th Cir. 1991). Slager respectfully submits that the Government has failed to meet this burden, and therefore the motion must be denied.

### B.   Evidentiary Hearing Standard

"Unless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . ." 28 U.S.C. § 2255(b)(emphasis added). Where, as here, the factual allegations in a §2255 motion "relate primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light, and where the ultimate resolution rests on a credibility determination, an evidentiary hearing is *especially warranted*." *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004)(emphasis added); *See also United States v. Witherspoon*, 231 F.3d 923, 926-27 (reversing the district court's denial of defendant's §2255 motion, because the district court failed to grant an evidentiary hearing). The facts

alleged in this §2255 motion meet the standard required for an evidentiary hearing, and this Court should deny the Government's motion and grant Slager an evidentiary hearing.

    **C.**    **The Government Has Failed to Meet the Requisite Burden for Summary Judgment, Therefore the Government's Motion for Summary Judgment Should be Denied, and an Evidentiary Hearing Should be Granted.**

Bearing the above-stated standards in mind, the Government's motion must be denied, principally because the Government has failed to demonstrate that this case contains "no genuine issue as to any material fact," which is clearly demonstrated by the myriad factual disputes that the Government raises and argues in its memorandum. Moreover, the Government's motion repeatedly urges this Court to view Slager's allegations in a way that is contrary to the appropriate summary judgment standard. When the correct standard is applied, the Government is clearly not entitled to summary judgment. Furthermore, because the allegations in this case must be resolved with several determinations of credibility by this Court, Slager is entitled to an evidentiary hearing, and summary judgment is not appropriate at this time.

    i.    <u>The Government's motion submits new evidence into the record (ECF 185-2 and 185-3), which should be construed by this Court as an admission that there are material facts at issue in this proceeding, precluding summary judgment.</u>

The Government's motion includes attachments that are primarily used in an effort to rebut Slager's claim that he was never informed of the Government's plea offer by his attorneys. (ECF 185-1 pp. 10-12, 28). These attachments detail communications between the U.S. Attorney's Office and Slager's defense team, and also include documents submitted by Slager's defense team to the district court prior to sentencing. (ECF 185-2, 185-3). The Government argues that these attachments "rebut[] Slager's claims," and that this Court should regard these documents as "conclusive evidence." (ECF 185-1 pp. 28,

31). The Government argues that this evidence demonstrates that Slager's defense team "did in fact convey the plea offer . . ." (ECF 185-1 p. 32). What these arguments amply demonstrate is that Slager and the Government have a material dispute of fact regarding the substance of Slager's out-of-court communications with his defense lawyers; and those factual questions form the basis for Slager's claims of deficient performance under *Strickland*. This is exactly the circumstance that precludes summary judgment. To be sure, the Government is entitled to the opportunity to present these materials at an evidentiary hearing and argue that they undermine Slager's claims, but such evidence does not entitle the Government to summary judgment at this stage in the proceedings. For this reason, the Government's motion fails.

> ii. <u>The Government's motion ignores many of the key factual allegations included in Slager's motion, and urges this Court to resolve disputed facts in the Government's favor, which is contrary to the standard that this Court must apply when considering a motion for summary judgment.</u>

In its motion, the Government repeatedly discounts Slager's factual claims about his knowledge of the plea negotiations, and argues that Mr. Savage's affidavit should be regarded by this court as conclusive evidence that he conveyed the Government's plea offer to Slager. (ECF 185-1 pp. 30-31). However, the Government's motion does not make a single mention of the affidavit of co-Counsel Mr. McCune, or the affidavit of Tom Slager, both of which provide support for Michael Slager's claim that the final plea offer was never conveyed. (ECF 175-3, 175-5). In fact, the Government characterizes Slager's factual claims as a "naked allegation," completely ignoring the additional factual support for Slager's claim. The Government further claims that no genuine issues of fact exist in this case, while omitting facts plainly stated in Slager's supporting affidavits. Not only is the Government prohibited from cherry-picking facts in this manner, but in fact the Government should be engaging the alleged facts from the opposite perspective – in order win summary judgment at this time, the Government must persuade this Court that it will

Page 4 of 11

prevail *even when all facts and inferences are construed in Slager's favor*. *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991)("any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.").

Similarly, regarding the district court Judge's *ex-parte* comments to prior counsel, the Government characterizes the Judge's words as "a single passing statement," or a "passing observation," one that "could be subject to several interpretations." (ECF 185-1 pp. 5 n.1, 29-30).[1] However, Mr. Savage's affidavit unambiguously stated his belief that "[t]he Court's statement was not a casual or off-hand comment," and that he "proceeded with the firm impression that this was the settled position of the Court," and that he believed "[t]here was no reason to second guess what the Court's finding would be," and further that his opinion regarding the Judge's comments was based on his personal relationship with the Judge for over forty years. (ECF 175-1 p. 3). Likewise, Mr. McCune's affidavit stated that based on the Judge's comment, "I believed that voluntary manslaughter would be the upper limit of the offense." (ECF 175-3 p. 2). The Government not only asks this Court to discount the interpretations provided by Mr. Savage and Mr. McCune, the Government supplies its own interpretation of the Judge's comments in place of Savage's and McCune's. Again, this is precisely the opposite of the analysis that this Court must apply at this stage of the proceedings. In summary, the Government's motion fails to engage with the appropriate summary judgment standard and analysis in any meaningful way, which is why its motion must be denied.

---

[1] Counsel does not seek to belabor this point, but to the extent that the Judge's comments are subject to multiple interpretations, Slager is entitled to the interpretation that is most favorable to his §2255 claims.

    iii. <u>Throughout its motion, the Government repeatedly invites this Court to resolve credibility issues in its favor, and to pass on the credibility of witnesses based on the pleadings alone. This is not appropriate at this stage in the proceedings, and this Court should decline to do so.</u>

As discussed *supra*, this Court is instructed to view the alleged facts in this case in the light most favorable to Slager. The Government's motion not only invites this Court to resolve factual disputes in its favor, it also explicitly invites this Court to make credibility determinations regarding the substance of Slager's factual claims, as follows:

- The Government argues that there is "ample reason in the record to doubt [that the Judge's *ex-parte* comment] carried as much weight as [Mr. Savage] now suggests." (ECF 185-1 p. 30 n.8).
- "[T]his Court should find that Slager's allegation . . . is unsupported by any evidence in the record and also is incredible." (ECF 185-1 p. 31).
- "There is no credible evidence that Slager would have accepted a plea to a guidelines range of 151-188 months." (ECF 185-1 p. 32).
- "There is no credible evidence in the record to suggest that Slager would have so quickly embraced a stipulation to an additional 91 months . . ." (ECF 185-1 p. 33).
- "There is no 'reasonable probability' that Slager would have accepted the plea offer . . . whatever he may say now." (ECF 185-1 p. 33).
- "In all probability, Slager would have rejected [the plea offer] for the same reasons Savage did." (ECF 185-1 p. 35).

In summary, the Government's motion invites this Court to view Slager's allegations with "heavy skepticism," and characterizes them as "self-serving," and "not likely to be credible." (ECF 185-1 p. 33). This Court must decline to do so. Slager respectfully urges this Court to view the allegations through the appropriate lens: in the light most favorable to Slager's claims, bearing in mind that "where the ultimate resolution

rests on a credibility determination, an evidentiary hearing is *especially warranted*." *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004)(emphasis added).

  iv. <u>The Government's motion relies on precedent that does not apply in the summary judgment context, and which actually lends support to Slager's request for an evidentiary hearing.</u>

  In its motion, the Government relies on *United States v. Baldwin*, 60 F.3d 825 (4th Cir. 1995), to support its argument that Slager's "naked allegation that he never received the Government's plea offer" should be rejected by this Court. (ECF 185-1 pp. 31-32). In *Baldwin*, co-defendants filed motions to withdraw their guilty pleas based on ineffective assistance of counsel. *Id*. However, these motions were filed after the defendants had already filed a notice of appeal, and the district court declined to rule on the motions because it lacked jurisdiction. *Id*. On appeal, Fourth Circuit noted that the district court was correct to deny the motions at that time, that "the record is devoid of any evidence" of ineffective assistance of counsel, and that "ineffective assistance of counsel claims are better reviewed in collateral proceedings when deficient representation does not conclusively appear from the record." *Id*. The *Baldwin* court was dismissive of the defendants' "unsubstantiated" ineffective assistance of counsel claims only to the extent that they were not raised in the appropriate forum at the appropriate time, and therefore there was no record for the Fourth Circuit to review. *Id*. The Court explicitly stated that such claims should be raised in a collateral proceeding, as Slager does now. *Id*. In other words, the Fourth Circuit's statement that "unsubstantiated claims fall far short of the standard needed to show ineffective assistance" was a comment on the absence of a lower-court record, not the Court's opinion on the credibility of the claims or quantum of evidence that supported them. *Id*. As a result, this case does not support the Government's claim that this Court should discount Slager's factual allegations.

  In similar fashion, the Government relies on *Merzbacher v. Shearin*, 706 F.3d 356 (4th Cir. 2013) and *Purdy v. Zeldes*, 337 F.3d 253 (2nd Cir. 2003) for the proposition that

this Court should regard Slager's factual allegations with "heavy skepticism." (ECF 185-1 p. 33). As a preliminary matter, neither of these cases involved motions for summary judgment in a §2255 proceeding, nor did they involve the same analysis that this Court must employ in resolving the Government's present motion. As previously noted, this Court is compelled at this stage to view the facts in the light most favorable to Slager, and *not*, as the Government now urges the Court, to do the precise opposite. Setting that issue aside, the cases themselves provide no support for the Government's position. *Merzbacher* involved an appeal from a 28 U.S.C. §2254 proceeding, in which the appellant sought to overturn his state court conviction. *Merzbacher*, 706 F.3d at 362. Merzbacher had been deemed non-credible by the state court after it conducted a five-day hearing on his petition for relief, and Merzbacher subsequently challenged this determination (among others) in federal court. *Id*. at 359, 362. Under 28 U.S.C. § 2254, Merzbacher was tasked with demonstrating that the state court's findings of fact regarding his credibility were "based on an unreasonable determination of the facts," a burden that he failed to meet in federal court. *Id*. at 367. Affirming the district court's judgment, the Fourth Circuit stated that the state court's credibility determination was entitled to deference under §2254's exacting standard, and also because "only the state court had the opportunity to observe the testimony on this critical point." *Id*. at 368. Because Merzbacher already had his day in court, the Fourth Circuit reasoned, he was not entitled to relief in federal court. *Id*. Slager has not had his day in court regarding these allegations, and this Court has not passed on the credibility of his claims. Because the Fourth Circuit was not inquiring into the credibility of Merzbacher's claims, the case provides no guidance for how this Court should consider Slager's claims, even when the time comes to pass on his credibility. In short, this case does not support the Government's position on this issue.

Likewise, the Government's motion cites *Purdy*, an appeal arising from a malpractice claim by a defendant against his former attorneys. *Purdy*, 337 F.3d 253 (2nd Cir. 2003). There, the Second Circuit considered whether Purdy was collaterally estopped

from suing his lawyers over allegedly deficient representation that had already been considered by a district court in Purdy's §2255 proceedings. *Id*. at 258-59. Purdy's §2255 motion had failed, in part, because in the district court's view, his testimony that he would have accepted a plea offer that his lawyer never conveyed was "insufficient by itself to meet [the defendant's] burden" to demonstrate prejudice. *Id*. at 259. Three things are noteworthy about this case and the Government's reliance on it here. First, *Purdy* dealt with collateral estoppel and a civil malpractice claim; it was not a §2255 proceeding. Second, to the extent that the case touched on the appropriate standard for summary judgment, *Purdy* considered whether summary judgment was appropriate after a §2255 evidentiary hearing had already been held, the issue of credibility had already been ruled upon adversely by a district court, and Purdy filed a separate civil action seeking to relitigate the issue. And finally, the Government's quotation of *Purdy* (ECF 185-1 p. 33) omits key language that followed immediately after:

> …in most circumstances a convicted felon's self-serving testimony is not likely to be credible. **This does not relieve habeas courts of their responsibility to actually make a credibility finding in each case, even absent objective evidence.**

*Id*. at 259 (emphasis added). So, *Purdy* is clearly inapposite here, to the extent that it deals with a completely distinct legal issue, and a procedural posture wherein the defendant already had an opportunity to testify regarding his *Strickland* claims. And even bearing those distinctions in mind, the *Purdy* court still reiterated the importance of a defendant receiving a fair hearing on his *Strickland* claims. Again, the Government seeks to deny Slager the opportunity to fully present his claims, and neither *Purdy* not *Merzbacher* provide support for that proposition.

As a final note on this issue, it is telling that the Government's motion does not cite any precedent, in this Circuit or otherwise, that affirms a district court's denial of a §2255

motion without an evidentiary hearing, or via summary judgment. A cursory review of this Circuit reveals several examples of the opposite result – cases in which the Fourth Circuit remanded for an evidentiary hearing where one was never held. *See, e.g., United States v. Witherspoon*, 231 F.3d 923 (4th Cir. 2000); *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007); *United States v. Hernandez*, 603 Fed. Appx. 206, 2015 U.S. App. LEXIS 8207, 2015 WL 2372929 (4th Cir. 2015); *United States v. Nguyen*, 789 Fed. Appx. 965, 2020 U.S. App. LEXIS 1179, 2020 WL 209301 (4th Cir. 2020). In conclusion, the precedent in this Circuit clearly supports Slager's position, and the precedent cited by the Government fails to support its position. On this basis, the Government's motion must be denied.

      v.    <u>Slager's factual claims deal primarily with out-of-court conversations with his lawyers. In order to make a final ruling in this case, this Court will be tasked with weighing the credibility of numerous witnesses, and resolving factual disputes between their sworn statements and testimony. Summary judgment is not appropriate in this case.</u>

As previously noted, this case falls squarely within the class of cases where the factual allegations "relate primarily to purported occurrences outside the courtroom" and "where the ultimate resolution rests on a credibility determination," and consequently an evidentiary hearing is "especially warranted." *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Resolving Slager's ineffective assistance of counsel claims will require inquiry into the following factual matters: (1) whether his attorneys conveyed the Government's final plea offer to Slager, (2) what advice Slager's attorneys provided to him in the context of plea negotiations, (3) how the Judge's *ex-parte* comments impacted the defense team's strategy and advice to Slager, (4) to what extent Slager's attorneys recognized the significance of the factual concessions in the plea agreement, (5) to what extent Slager was advised of the legal significance of those concessions, and whether he was advised of such matters before he signed the plea agreement, (6) to what extent Slager's attorneys' advice impacted his decision to sign the plea agreement as drafted, and

enter into an "open" plea, and (7) the purported strategic bases for each of these decisions by Slager's attorneys. Each of these questions will necessarily require this Court to resolve factual disputes between various parties who were present during out-of-court meetings (where no Government attorneys were present), and the conflicts in testimony and evidence will inevitably require this Court to weigh credibility. As discussed at length above, these are precisely the kinds of credibility questions and factual disputes that preclude summary judgment at this time. Slager respectfully urges this Court to deny the Government's motion on these grounds.

RESPECTFULLY SUBMITTED,

*s/ Christopher R. Geel*
**Christopher R. Geel (#12432)**
Geel Law Firm, LLC
P.O. Box 21771
Charleston, SC 29413
843-277-5080
January 4, 2021                              Chris@GeelLawFirm.com

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the District of South Carolina by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*s/ Christopher R. Geel*
Christopher R. Geel (#12432)