# IN THE UNITED STATES DISTRICT COURT
# DISTRRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| vs. ) | Case No. 2:16-cr-0378-RMG |
| ) | |
| Michael Slager, ) | |
| ) | |
| Defendant-Petitioner. ) | **ORDER** |
| ) | |
| ) | |

Petitioner filed a petition to vacate his sentence under 28 U.S.C. § 2255, alleging that he was denied effective assistance of counsel. (Dkt. Nos. 168, 177). Petitioner alleges his trial counsel were ineffective in their conducting of plea negotiations and in failing to advise him of the Government's plea offers. (*Id.*). The United States asserts that Petitioner's claims are without factual and legal merit and has moved for summary judgment pursuant Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 185). Petitioner opposes the Government's motion for summary judgment, arguing that there are material factual disputes in the record which turn on the issue of credibility and the Court should conduct an evidentiary hearing to address these issues. (Dkt. No. 189).

## Legal Standard

Summary judgment is appropriate where the pleadings, discovery and disclosure materials show "that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). At the summary judgment stage, the Court must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255

1

(1986). Where resolution of a material issue of fact depends upon a credibility determination, disposition by summary judgment is not appropriate. *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

In addressing a petition under § 2255, the Court is required to conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Where the allegations in the § 2255 petition "relate primarily to purported occurrences outside the courtroom and upon which the record, therefore, casts no real light, and where the ultimate resolution rests on a credibility determination, an evidentiary hearing is especially warranted." *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004).

The Sixth Amendment of the United States Constitution guarantees that "in all criminal prosecutions, the accused shall . . . have the assistance of counsel for his defense." This includes the right to effective assistance of counsel. To establish ineffective assistance of counsel, a criminal defendant must show counsel's efforts were objectively unreasonable as measured by prevailing professional standards and counsel's efforts were prejudicial. *Strickland v. Washington*, 466, U.S. 668, 688-94 (1984). Courts are reluctant to characterize tactical or strategic decisions by trial counsel as ineffective assistance of counsel. *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). Ineffective assistance of counsel may include plea negotiations and a failure to inform the client of plea offers. *Lafler v. Cooper*, 566 U.S. 156, 163-164 (2012); *Missouri v. Frye*, 566 U.S. 134, 140 (2012). To establish prejudice in the plea setting, the defendant must show that counsel's ineffective assistance affected the outcome. *Lafler*, 566 U.S. at 163.

**Discussion**

Petitioner has filed a declaration in support of his petition, asserting that "[m]y attorneys never told me about any plea offers by the government in my case" and that "[t]he first time I learned that the government had made a plea offer in my case" was in 2019, after being sentenced and incarcerated at the Bureau of Prisons. (Dkt. No. 177-4 at 1-2). The record contains a declaration from Petitioner's counsel, Mr. Andrew Savage, that he "kept Slager apprised of each contact with the prosecution," as well as a letter submitted to the Court on April 27, 2017, signed by Mr. Savage and Petitioner, stating that "Michael Slager has been kept informed of all discussions about a plea . . ." (Dkt. Nos. 185-2 at 3; 177-1 at 4).

Petitioner has further asserted that had he been made aware of the Government's last plea offer of 151 to 188 months of incarceration, "I would have accepted it." (Dkt. No. 177-4 at 1). This plea offer was not accepted, and the trial court ultimately sentenced Defendant on January 16, 2018 to 240 months incarceration after conducting a multi-day sentencing hearing. (Dkt. No. 141). The Government vigorously challenges Defendant's claim that he was unaware of the Government's last plea offer and references the letter of April 27, 2017, signed by Mr. Savage and Petitioner, which had documents attached to it containing the plea offer of 151 to 188 months. (Dkt. Nos. 185-1 at 31, 185-2, 185-3 at 47, 53).

These are but two of numerous examples of disputes of material fact which this Court must necessarily address in this petition. Under the plain language of the habeas statute, the Court is obligated to conduct an evidentiary hearing in such a circumstance and will likely need to make credibility determinations to resolve the various factual conflicts that exist in the record before the Court. Consequently, the Court denies the Government's motion for summary judgment (Dkt. No. 185) and will conduct an evidentiary hearing in this matter. The Court will

schedule a conference with counsel in this matter in the near future to address details regarding the process and procedures which will be followed going forward.

    **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 28, 2021
Charleston, South Carolina